**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DASSAULT SYSTÈMES SOLIDWORKS
CORP.,

   *Plaintiff*,

vs.

KITCHENERY, INC., AKSHAY BHUVA,
and LUIS ISAZA,

   *Defendants*.

Case No. 8:26-cv-00705

---

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S COMPLAINT**

---

Defendants KITCHENERY, INC. ("Kitchenery"), AKSHAY BHUVA, and LUIS ISAZA, by and through the undersigned counsel, hereby responds to the Complaint filed by Plaintiff DASSAULT SYSTÈMES SOLIDWORKS CORP. ("Dassault") on March 17, 2026 [Doc. 1]. Each numbered paragraph in the Complaint is re-stated herein and followed, in each case, by Defendant's response. Unless specifically admitted, Defendant denies each of the allegations in the Complaint. Defendant admits, denies and alleges as follows:

1. This is a copyright infringement, circumvention of technological measures, and Massachusetts Common Law breach of contract action arising out of Defendants' unauthorized and willful use and copying of DS SolidWorks' SOLIDWORKS software package.

**ANSWER: Defendants admit that Plaintiff's Complaint contains allegations of copyright infringement, circumvention of technological measures, and Massachusetts Common Law breach of contract and denies the remainder of the allegations in Paragraph 1.**

1

## THE PARTIES

2.      Plaintiff DS SolidWorks is a Delaware corporation, having a principal place of business at 175 Wyman Street, Waltham, MA 02451.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies those allegations.**

3.      On information and belief, Defendant Kitchenery, Inc. is a Delaware General Corporation having a principal place of business at 2950 W Hillsborough Avenue, Suite B, Tampa, Florida 33614.

**ANSWER: Admitted.**

4.      On information and belief, Defendant Bhuva is an adult individual working as the Director and CEO of Kitchenery, Inc., and residing at 3814 W Euclid Avenue, Apartment 16, Tampa, Florida 33629.

**ANSWER: Admitted.**

5.      On information and belief, Defendant Isaza is an adult individual and employee of Kitchenery, Inc. residing at 27334 Bonterra Loop, Apartment 212, Wesley Chapel, Florida 33544.

**ANSWER: Admitted.**

## JURISDICTION AND VENUE

5.      This[1] action arises under 17 U.S.C. § 101 et seq. for Defendants' infringement of copyrights owned by DS SolidWorks and for Defendants' circumvention of technical measures used to control access to DS SolidWorks SOLIDWORKS software

---

[1] Plaintiff's Complaint (Doc. 1) is misnumbered, as the number 5 appears twice. Defendants' Answer reflects the same for the sake of consistency. If needed, the two will be referred to as 5a and 5b.

packages and under state law for breach of contract between Defendants and DS SolidWorks.

**ANSWER: Defendants admit that Plaintiff filed this action under 17 U.S.C. § 101 *et seq.* Defendants deny the remainder of the allegations in Paragraph 5b.**

6. This Court has subject matter jurisdiction over these copyright infringement and circumvention claims pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a). This Court has subject matter jurisdiction over the state law claim pursuant to 28 U.S.C. §1367(a).

**ANSWER: Defendants admit that the Court has subject matter jurisdiction over this case and deny the remainder of the allegations in Paragraph 6.**

7. This Court has personal jurisdiction over Defendant Kitchenery because, among other things, Kitchenery resides in and conducts business in Florida and in this District.

**ANSWER: Defendants admit that the Court has personal jurisdiction over Defendant Kitchenery and deny the remainder of the allegations in Paragraph 7.**

8. This Court has personal jurisdiction over Defendant Bhuva because, among other things, Bhuva resides in and conducts business in Florida and in this District and this case relates to his business activity in Florida and in this district, and this case relates to his actions in Florida and in this district.

**ANSWER: Defendants admit that the Court has personal jurisdiction over Defendant Bhuva and deny the remainder of the allegations in Paragraph 8.**

9. This Court has personal jurisdiction over Defendant Isaza because, among other things, Isaza resides in and conducts business in Florida and in this District and this case relates to his actions in Florida and in this District and his business connection to Kitchenery,

3

Inc.

**ANSWER: Defendants admit that the Court has personal jurisdiction over Defendant Bhuva and deny the remainder of the allegations in Paragraph 9.**

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), 1391(c)(2), and 1400(a).

**ANSWER: Defendants admit that venue in this district is proper and deny the remainder of the allegations in Paragraph 10.**

## BACKGROUND

### DS SolidWorks and the Copyrighted Works

11.     DS SolidWorks is the creator, author, and owner of the software code for the SOLIDWORKS software package, which is a computer-aided design ("CAD") software package.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny those allegations.**

12.     DS SolidWorks has created, authored, and is the owner of various "releases" of SOLIDWORKS, each building upon the prior release.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny those allegations.**

13.     DS SolidWorks owns many copyright registrations for the SOLIDWORKS software package, including the registrations in Table 1 below, also attached as Exhibit 1, hereto.

Table 1

| Registration Number | Registration Name |
|---|---|
| TX 0005225647 | SOLIDWORKS 2000 |
| TX 0005666476 | SOLIDWORKS 2001 PLUS |
| TX 0005725523 | SOLIDWORKS 2003 |

4

| TX 0008443820 | SOLIDWORKS 2017 |
|---|---|
| TX 000885576 | SOLIDWORKS 2020 |
| TX 0009074914 | SOLIDWORKS 2022 |
| TX 0009277249 | SOLIDWORKS 2023 |
| TX 0009376069 | SOLIDWORKS 2024 |

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny those allegations.**

## Detection of Infringement by Defendants

14. The SOLIDWORKS software incorporates detection and monitoring technology that detects and identifies use of unlicensed and unauthorized copies of the SOLIDWORKS software and transmits identifying data to DS SolidWorks over the internet when such unauthorized uses occur.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny those allegations.**

15. Through its monitoring technology, DS SolidWorks detected at least 271 uses of unlicensed and unauthorized copies of the SOLIDWORKS software on at least two computers having Media Access Control ("MAC") addresses as shown below in Table 2 (the "Computers").

Table 2

| Computer | MAC Address |
|---|---|
| 1 | 0c9a3cb60aca<br>0c9a3cb60ac6<br>0c9a3cb60ac7<br>60189571f79f |
| 2 | 6c0b84e28e9c<br>2023510d6676 |

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny those**

5

allegations.

*Computer 1*

16. Through its monitoring technology, DS SolidWorks detected that at least 169 of the 271 identified uses of unlicensed and unauthorized copies of the SOLIDWORKS software occurred on Computer 1.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny those allegations.**

17. Through its monitoring technology, DS SolidWorks detected Wi-Fi geolocation data showing that at least 120 of the above-referenced 169 uses of the unlicensed and unauthorized copies of the SOLIDWORKS software occurred while the computer was physically located at 27334 Bonterra Loop, Wesley Chapel, Florida 33544.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny those allegations.**

18. Defendant Isaza resides at 27334 Bonterra Loop, Apartment 212, Wesley Chapel, Florida 33544.

**ANSWER: Admitted.**

19. Unauthorized and unlicensed uses of the SOLIDWORKS software on Computer 1 occurred at Defendant Isaza's residence.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny those allegations.**

20. Through its monitoring technology, DS SolidWorks detected Wi-Fi geolocation data showing that at least 24 of the above-referenced 169 uses of the unlicensed and unauthorized copies of the SOLIDWORKS software occurred while the computer

was physically located at 8357 Galewood Circle, Tampa, Florida 33615.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny those allegations.**

21.    Upon information and belief, Defendant Isaza previously resided at 8357 Galewood Circle, Tampa, Florida 33615.

**ANSWER: Admitted.**

22.    Unauthorized and unlicensed use of the SolidWorks software on Computer 1 occurred at Isaza's previous residence.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny those allegations.**

23.    Through its monitoring technology, DS SolidWorks detected Wi-Fi geolocation data showing that at least 17 of the above-referenced 169 uses of the unlicensed and unauthorized copies of the SOLIDWORKS software occurred while the computer was physically located at 501 East Kennedy Boulevard, Tampa, Florida 33602.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny those allegations.**

24.    According to its Facebook business profile, attached hereto as Exhibit 2, Defendant Kitchenery, Inc. previously operated out of 501 East Kennedy Boulevard, Suite 1400, Tampa, Florida 33602. *See also* https://www.facebook.com/CordlessAppliances.

**ANSWER: Defendants admit that they sometimes worked remotely from the coworking space located at the address cited in Paragraph 24; however, that address was not considered Kitchenery's headquarters or main point of operation.**

25.    Unauthorized and unlicensed use of the SolidWorks software on Computer 1 occurred

at Kitchenery's previous business location.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny those allegations.**

26.    Through its monitoring technology, DS SolidWorks detected the username "Luis Miguel" on Computer 1.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny those allegations.**

27.    Luis is Defendant Isaza's legal first name.

**ANSWER: Admitted.**

28.    Miguel is Defendant Isaza's legal middle name.

**ANSWER: Admitted.**

29.    Through its monitoring technology, DS SolidWorks detected the email address "luismiguel@usf.edu" on Computer 1.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny those allegations.**

30.    Luis is Defendant Isaza's legal first name.

**ANSWER: Admitted.**

31.    Miguel is Defendant Isaza's legal middle name.

**ANSWER: Admitted.**

32.    "usf.edu" is the internet domain name for the University of South Florida.

**ANSWER: Admitted.**

33.    According to his LinkedIn profile, Defendant Isaza previously attended the University of South Florida. A screenshot of the LinkedIn profile is attached hereto as Exhibit 3.

8

*See also* https://www.linkedin.com/in/luismiguelisaza/.

**ANSWER: Admitted.**

34.    Defendant Isaza uses or previously used the email address "luismiguel@usf.edu" to send and receive emails related to his education at the University of South Florida.

**ANSWER: Admitted.**

35.    Through its monitoring technology, DS SolidWorks detected the email address "luis@kitchenery.us" on Computer 1.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny those allegations.**

36.    "kitchenery.us" is the internet domain name for Kitchenery, Inc.

**ANSWER: Admitted.**

37.    Luis is Defendant Isaza's legal first name.

**ANSWER: Admitted.**

38.    Defendant Isaza uses the email "luis@kitchenery.us" to send and receive emails related to his employment with Kitchenery.

**ANSWER: Admitted.**

39.    Defendant Isaza used Computer 1.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore deny those allegations.**

40.    Isaza used unauthorized and unlicensed copies of the SOLIDWORKS software on Computer 1.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore deny those allegations.**

41.     Isaza used unauthorized and unlicensed copies of the SOLIDWORKS software on Computer 1 to do work for Kitchenery, Inc.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore deny those allegations.**

*Computer 2*

42.     Through its monitoring technology, DS SolidWorks detected that at least 100 of the 271 identified uses of unlicensed and unauthorized copies of the SOLIDWORKS software occurred on Computer 2.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore deny those allegations.**

43.     Through its monitoring technology, DS SolidWorks detected Wi-Fi geolocation data showing that at least 77 of the above-referenced 100 uses of the unlicensed and unauthorized copies of the SOLIDWORKS software occurred while the computer was physically located at 27334 Bonterra Loop, Wesley Chapel, Florida 33544.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny those allegations.**

44.     Defendant Isaza resides at 27334 Bonterra Loop, Apartment 212, Wesley Chapel, Florida 33544.

**ANSWER: Admitted.**

45.     Unauthorized and unlicensed copies of the SOLIDWORKS software were used on Computer 2 at Defendant Isaza's residence.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore deny those allegations.**

46.     Defendant Isaza used Computer 2.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny those allegations.**

47.     Isaza used unauthorized and unlicensed copies of the SOLIDWORKS software on Computer 2.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore deny those allegations.**

48.     Through its monitoring technology, DS SolidWorks detected that the Host ID on Computer 2 was "DESKTOP-7CFRFTU".

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny those allegations.**

49.     On July 31, 2025, Bhuva sent an email to counsel for DS SolidWorks including a screenshot of the "About Your Computer" page from the computer on which SolidWorks Kitchenery was using SOLIDWORKS.

**ANSWER: Defendants admit that Bhuva sent an email including a screenshot of the "About Your Computer" page and deny the remainder of the allegations in Paragraph 49.**

50.     Kitchenery did not have a license to use SolidWorks. Any use of SOLIDWORKS by Kitchenery was infringement of DS SolidWorks' copyrights.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny those allegations.**

51.     The "About Your Computer" page showed that the Host ID on the computer was "DESKTOP-7CFRFTU".

11

**ANSWER: Defendants admit that Bhuva sent an email including a screenshot of the "About Your Computer" page and deny the remainder of the allegations in Paragraph 51.**

52.     On July 31, 2025, Bhuva sent a screenshot of an "About SOLIDWORKS" window.

**ANSWER: Admitted.**

53.     The "About SolidWorks" window can only be accessed by running SOLIDWORKS.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny those allegations.**

54.     The "About SOLIDWORKS" window showed that Kitchenery was using a serial number commonly used by software pirates.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny those allegations.**

55.     On August 1, 2025, Bhuva sent counsel for DS SolidWorks a screenshot of an order sheet showing that Kitchenery purchased an item titled "DELL CAD WORKSTATION AUTODESK, AUTO CAD, REVIT, SOLIDWORKS 2023 AND ADOBE".

**ANSWER: Admitted.**

56.     On August 4, 2025, Bhuva sent counsel for DS SolidWorks an email stating that "Kitchenery purchased a refurbished Dell CAD Workstation via eBay.com. The listing stated 'SOLIDWORKS Premium 2023 – ALL FULLY LICENSED AND ACTIVED AND NEVER EXPIRE!!!'".

**ANSWER: Admitted.**

57.     Upon information and belief, Kitchenery purchased a compute[r] loaded with pirated

AUTODESK, AUTO CAD, REVIT, SOLIDWORKS 2023 and ADOBE software on eBay.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore deny those allegations.**

58. Upon information and belief, the computer loaded with pirated AUTODESK, AUTO CAD, REVIT, SOLIDWORKS 2023 and ADOBE software is Computer 2.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny those allegations.**

59. Kitchenery used pirated SOLIDWORKS 2023 on Computer 2.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny those allegations.**

60. Unauthorized and unlicensed copies of the SOLIDWORKS software on Computer 2 to do work for Kitchenery, Inc.

**ANSWER: Paragraph 60 appears incomplete which prevents Defendants from responding to the allegations therein.**

<u>**Infringement, Circumvention, and Breach by Kitchenery, Inc., and Luis Isaza**</u>

61. Upon information and belief, the Computers referenced in Table 2 are owned by at least one of Kitchenery, Bhuva, and/or Isaza.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore deny those allegations.**

62. An Instagram post dated February 24, 2024, posted under the username "kitcheneryinc" indicates that Defendant Isaza began working as a Senior Mechanical Engineer at Kitchenery in February 2024. A screenshot of the post is attached hereto as

13

Exhibit 4.

**ANSWER: Defendants admit that Luis Isaza was hired as an independent contractor to become a Senior Mechanical Engineer.**

63.    On his LinkedIn profile, Defendant Isaza describes that he "Direct[s] injection-molded plastic part design including DFM["Design for Manufacturing"]/DFA["Design for Assembly"], draft, snap-fits, tolerances, and tooling," and "[l]ead[s] prototype builds, validation testing, and cross-functional design reviews" in his position at Kitchenery, Inc. *See* Exhibit 3.

**ANSWER: Admitted.**

64.    DS SolidWorks' SOLIDWORKS software packages are used for DFM ["Design for Manufacturing"], DFA ["Design for Assembly"], and drafting.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore deny those allegations.**

65.    Upon information and belief, Isaza uses DS SolidWorks' SOLIDWORKS software to perform one or more of these job functions.

**ANSWER: Denied.**

66.    Upon information and belief, Kitchenery financially benefits from the use of DS SolidWorks' SOLIDWORKS software packages.

**ANSWER: Denied.**

67.    Upon information and belief, the Computers have been used by at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore deny those allegations.**

14

68.     Upon information and belief, at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva downloaded one or more unlicensed copies of SOLIDWORKS from the internet.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore deny those allegations.**

69.     Upon information and belief, at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva installed or caused to be installed one or more copies of SOLIDWORKS on the Computers.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore deny those allegations.**

70.     During the installation process of SOLIDWORKS, a link to the License Agreement is displayed on the computer screen. A copy of the License Agreement is attached as Exhibit 5 hereto.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore deny those allegations.**

71.     The License Agreement states that "… installing and using [SOLIDWORKS]… will signify your agreement to be bound by these terms and conditions." Exhibit 5 at p. 2/45.

**ANSWER: Defendants acknowledge that the document cited by Plaintiff in Paragraph 71 (License Agreement attached as Exhibit 5) contains the statement cited by Plaintiff and deny the remainder of the allegations in Paragraph 71.**

72.     At least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva installed and used SOLIDWORKS on the Computers, thereby accepting to be bound by the terms and conditions of the License Agreement.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore deny those allegations.**

73.     One of the terms and conditions of the License Agreement is that the SOLIDWORKS software cannot be loaded or used in any computer, nor can it be copied, without a right to do so from DS SolidWorks: "You may not load or use [SOLIDWORKS] in any computer or copy it without a right to do so from DS." *Id*. at 2/45.

**ANSWER: Defendants acknowledge that the document cited by Plaintiff in Paragraph 73 (License Agreement attached as Exhibit 5) contains the statement cited by Plaintiff and otherwise deny the remainder of the allegations in Paragraph 73.**

74.     The License Agreement gives permission to a user to install and use one (1) copy of SOLIDWORKS if the license for a single-user license of SOLIDWORKS: "If you have paid the license fee for a single-user license of [SOLIDWORKS], this Agreement permits you to install and use one (1) copy of [SOLIDWORKS] on any single computer." *Id.* at 3/45—4/45.

**ANSWER: Defendants acknowledge that the document cited by Plaintiff in Paragraph 74 (License Agreement attached as Exhibit 5) contains the statement cited by Plaintiff and otherwise deny the remainder of the allegations in Paragraph 74.**

75.     Defendants did not pay the license fee for the unauthorized and unlicensed copies of SOLIDWORKS that were installed on the Computers.

**ANSWER: Defendants deny the allegations in Paragraph 75 to the extent that the hardware purchased was believed to contain a valid license.**

76.     Therefore, Defendants did not have authorization from DS SolidWorks to launch (execute) and/or use SOLIDWORKS for the above-referenced unlicensed and

unauthorized uses.

**ANSWER: Defendants deny the allegations in Paragraph 76 to the extent that the hardware purchased was believed to contain a valid license.**

77.    Another of the terms and conditions of the License Agreement is that (i) use of SOLIDWORKS without the required lock device or authorization key provided by DS is prohibited, and (ii) the user is prohibited from taking steps to avoid or defeat the license authorization key mechanism for controlling access to SOLIDWORKS: "DS [SolidWorks] also reserves the right to use a hardware lock device, license administration software, and/or a license authorization key to control access to [SOLIDWORKS]. You may not take any steps to avoid or defeat the purpose of any such measures. Use of [SOLIDWORKS] without any required lock device or authorization key provided by DS is prohibited." *Id.* at 24/45.

**ANSWER: Defendants acknowledge that the document cited by Plaintiff in Paragraph 77 (License Agreement attached as Exhibit 5) contains the statement cited by Plaintiff and otherwise deny the remainder of the allegations in Paragraph 77.**

78.    Through its monitoring technology, DS SolidWorks detected the signature of the SolidSquad (SSQ) crack, a program used to defeat the purposes of DS SolidWorks' access control measures, on the Computers.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore deny those allegations.**

79.    Upon information and belief, at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva ran the SolidSquad (SSQ) crack on the Computers following the installation of SOLIDWORKS.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore deny those allegations.**

80. Upon information and belief, at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva launched (executed) and/or used one or more unlicensed and unauthorized copies of SOLIDWORKS on the Computers.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore deny those allegations.**

81. Upon information and belief, Bhuva and Kitchenery controlled the infringement and circumvention performed by Isaza, employees of Kitchenery, and/or other persons under the control of Kitchenery and/or Bhuva.

**ANSWER: Defendants admit the allegations in Paragraph 81 to the extent that Defendant Bhuva, as the Chief Executive Officer of Defendant Kitchenery, Inc., oversees all aspects of the business.**

82. Upon information and belief, Kitchenery derived a financial benefit from the infringement and circumvention performed by Isaza, Kitchenery employees and/or other persons under the control of Kitchenery.

**ANSWER: Denied.**

### Vicarious and Contributory Liability by Bhuva

83. According to Kitchenery's filings with the Secretary of State of California, Bhuva is both a Director and the CEO of Kitchenery.

18

**ANSWER: Defendants admit that Akshay Bhuva is the Director and CEO of Kitchenery and deny the remainder of the allegations contained in Paragraph 83.**

84. Upon information and belief, as Director and CEO, Bhuva is a dominant influence at Kitchenery.

**ANSWER: Defendants admit that Bhuva is the Director and CEO of Kitchenery and deny the remainder of the allegations in Paragraph 84.**

85. Upon information and belief, Bhuva determined the policies which resulted in the infringement and circumvention by Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore deny those allegations.**

86. Upon information and belief, Bhuva could have stopped the infringement and circumvention by Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore deny those allegations.**

87. Upon information and belief, Bhuva controlled the infringement by Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore deny those allegations.**

88. Upon information and belief, Bhuva owned and/or provided the Computers upon which Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery infringed DS SolidWorks' copyrights and circumvented its technological measures.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore deny those allegations.**

89.     Upon information and belief, Bhuva provided the workspace within which by Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery infringed DS SolidWorks' copyrights and circumvented its technological measures.

**ANSWER: Denied.**

90.     Upon information and belief, Bhuva materially contributed to the infringements by Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore deny those allegations.**

91.     Upon information and belief, Bhuva knew of the infringements by employees of by Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery, at least as early as January 17, 2025, when DS SolidWorks sent its first letter.

**ANSWER: Defendants admit that they received the January 17, 2025 letter from Plaintiff and otherwise denies the allegations contained in Paragraph 91.**

92.     Bhuva is the Director, CEO, and Founder of Kitchenery.

**ANSWER: Defendants admit that Bhuva is the Director, CEO, and Co-Founder of Kitchenery.**

93.     Upon information and belief, as Director, CEO, and Founder of Kitchenery, Bhuva derives a financial benefit from work performed by employees of Kitchenery, and/or persons under the control of Kitchenery, including Isaza.

**ANSWER: Denied.**

94.     Upon information and belief, Bhuva derived a financial benefit from the unauthorized

20

and unlicensed use of DS SolidWorks' SOLIDWORKS software package by Isaza, employees of Kitchenery, and/or persons under the control of himself and/or Kitchenery.

**ANSWER: Denied.**

### Notice of Infringement to Defendants

95. On August 29, 2024, counsel for DS SolidWorks sent a letter, attached as Exhibit 6 hereto, to Bhuva and Kitchenery, offering to resolve the unauthorized use of DS SolidWorks' SOLIDWORKS software packages on at least one machine.

**ANSWER: Defendants admit receipt of the letter referenced in Paragraph 95 and otherwise deny the allegations contained therein.**

96. Between August 30, 2024, and November 12, 2024, a compliance mediator from DS SolidWorks contacted Bhuva and Kitchenery in order to resolve the unauthorized use of DS SolidWorks' SOLIDWORKS software packages. No resolution was reached.

**ANSWER: Admitted.**

97. Between December 9, 2024, and September 4, 2025, counsel for DS SolidWorks contacted Bhuva and Kitchenery regarding the possibility of resolving Defendants' unauthorized use of DS SolidWorks' SOLIDWORKS software packages via a series of extensive emails. Again, no resolution was reached.

**ANSWER: Defendants admit that Defendant Bhuva engaged in communications with counsel for Plaintiff to reach a resolution, which the parties were unable to reach.**

98. Through its monitoring technology, DS SolidWorks detected uses of unlicensed and unauthorized copies of its SOLIDWORKS software packages by Defendants at least until July 29, 2025.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore deny those allegations.**

99.    Defendants continued to use unlicensed and unauthorized copies of SOLIDWORKS throughout resolution attempts by Dassault and counsel for DS SolidWorks despite being notified of the infringement, including the introduction of infringements on Computer 2, which began during the resolution attempt period on September 20, 2024, and continued until at least July 29, 2025.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore deny those allegations.**

**COUNT I**
**FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

100.    DS SolidWorks repeats and incorporates herein each of the preceding paragraphs.

**ANSWER: Defendants repeat and incorporates herein its responses to each of the preceding paragraphs, respectively.**

101.    SOLIDWORKS, including SOLIDWORKS 2023 and SOLIDWORKS 2024, is an original work of DS SolidWorks and is protectable by the copyright laws of the United States.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore deny those allegations.**

102.    DS SolidWorks owns all rights and title to the copyrights of SOLIDWORKS.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore deny those allegations.**

103.    At least one of Isaza, employees of Kitchenery, and/or persons under the control of

22

Kitchenery and/or Bhuva downloaded the SOLIDWORKS 2023 and SOLIDWORKS 2024 releases of the SOLIDWORKS software to a computer storage unit, such as a hard disk drive, via the Internet, thereby creating a copy of the SOLIDWORKS software without authorization or permission from DS SolidWorks.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore deny those allegations.**

104. Subsequent to downloading a copy of SOLIDWORKS, at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva installed, executed, and utilized the SOLIDWORKS software on one or more computers without authorization or permission from DS SolidWorks.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore deny those allegations.**

105. At least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva caused a computer to copy the SOLIDWORKS software code stored on the computer storage unit (e.g., hard disk drive) to the computer's volatile memory, e.g. random-access memory (RAM) without authorization or permission from DS SolidWorks.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and therefore deny those allegations.**

106. At least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva executed SOLIDWORKS on at least the above-identified Computers.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore deny those allegations.**

107.    By making unauthorized copies of SOLIDWORKS as described above, at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva infringed and violated (directly and/or indirectly) DS SolidWorks' copyrights in SOLIDWORKS and the SOLIDWORKS Copyright Registrations, including at least DS SolidWorks' exclusive right under 17 U.S.C. § 106(1) to "reproduce the copyrighted work in copies."

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore deny those allegations.**

108.    Upon information and belief, Kitchenery and/or Bhuva controlled the above-described infringement of DS SolidWorks' copyrights.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore deny those allegations.**

109.    Upon information and belief, Kitchenery and Bhuva received a direct financial benefit from the above-described infringement of DS SolidWorks' copyrights.

**ANSWER: Denied.**

110.    Upon information and belief, Kitchenery and/or Bhuva knew about the above-described infringement of DS SolidWorks' copyrights.

**ANSWER: Denied to the extent Defendants had a reasonable belief that the hardware purchased contained and otherwise included a valid license to the software at issue.**

111.    Upon information and belief, Kitchenery and/or Bhuva materially contributed to the above-described infringement of DS SolidWorks' copyrights.

24

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore deny those allegations.**

112.    The infringement and violation of DS SolidWorks' copyrights by Kitchenery, Bhuva, and Isaza has been knowing and willful.

**ANSWER: Denied.**

113.    DS SolidWorks has been damaged by the aforementioned infringement.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore deny those allegations.**

<u>**COUNT II**</u>
<u>**CIRCUMVENTION OF TECHNOLOGICAL MEASURES (17 U.S.C. § 1201)**</u>

114.    DS SolidWorks repeats and incorporates herein each of the preceding paragraphs.

**ANSWER: Defendants repeat and incorporates herein its responses to each of the preceding paragraphs, respectively.**

115.    SOLIDWORKS includes technological measures that effectively control access to the SOLIDWORKS software, including a requirement during installation to input an authorized License Key provided by DS SolidWorks to properly-license users of SOLIDWORKS to "unlock" SOLIDWORKS and thereby allow the installation, subsequent use of, and access to SOLIDWORKS.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore deny those allegations.**

116.    None of Defendants received an authorized License Key from DS SolidWorks for the above-referenced unlicensed and unauthorized uses.

**ANSWER: Denied to the extent Defendants had a reasonable belief that the hardware purchased contained and otherwise included a valid license to the software at issue.**

117.    Upon information and belief, at least one of Isaza, employees of Kitchenery, Bhuva, and/or persons under the control of Kitchenery or Bhuva circumvented the technological measures incorporated into SOLIDWORKS to gain access to SOLIDWORKS by avoiding, bypassing, deactivating, and/or otherwise impairing such technological measures, including at least during the installation of SOLIDWORKS.

**ANSWER: Denied to the extent Defendants had a reasonable belief that the hardware purchased contained and otherwise included a valid license to the software at issue.**

118.    Upon information and belief, at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva used a SolidSquad (SSQ) crack signature to avoid, bypass, deactivate, or otherwise impair such technological measures.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore deny those allegations.**

119.    By avoiding, bypassing, deactivating, or otherwise impairing the technological measures to control access to SOLIDWORKS, including by avoiding, bypassing, deactivating, or otherwise impairing the input of an authorized License Key, at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva violated 17 U.S.C. § 1201 each time an unauthorized use occurred.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore deny those allegations.**

120.    Upon information and belief, Kitchenery and Bhuva controlled the above-described circumvention.

26

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and therefore deny those allegations.**

121.    Upon information and belief, Kitchenery and Bhuva received a direct financial benefit from the above-described circumvention.

**ANSWER: Denied.**

122.    Upon information and belief, Kitchenery and Bhuva knew about the above-described circumvention.

**ANSWER: Denied.**

123.    Upon information and belief, the above-described circumvention by Defendants was willful.

**ANSWER: Denied.**

124.    DS SolidWorks has been damaged by the above-described circumvention.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore deny those allegations.**

## COUNT III BREACH OF CONTRACT
### (Massachusetts Common Law)

125.    DS SolidWorks repeats and incorporates herein each of the preceding paragraphs.

**ANSWER: Defendants repeat and incorporates herein its responses to each of the preceding paragraphs, respectively.**

126.    The installation of SOLIDWORKS, including at least SOLIDWORKS 2023 and SOLIDWORKS 2024 requires the user to accept the terms and conditions of the SOLIDWORKS License Agreement. *See* Exhibit 5.

27

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and therefore deny those allegations.**

127. At least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva accepted the SOLIDWORKS License Agreement when they installed SOLIDWORKS 2023 and SOLIDWORKS 2024.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and therefore deny those allegations.**

128. The License Agreement states "[i]f you have paid the license fee for a single-user license of [SOLIDWORKS], this Agreement permits you to install and use one (1) copy of [SOLIDWORKS] on any single computer." Ex. 5 at 3/45.

**ANSWER: Defendants acknowledge that the document cited by Plaintiff in Paragraph 128 (License Agreement attached as Exhibit 5) contains the statement cited by Plaintiff and otherwise deny the remainder of the allegations in Paragraph 128.**

129. Defendants did not pay the license fee to install SOLIDWORKS on the Computers for the above-referenced unlicensed and unauthorized uses.

**ANSWER: Denied to the extent Defendants had a reasonable belief that the hardware purchased contained and otherwise included a valid license to the software at issue.**

130. By installing the SOLIDWORKS software on the Computers without paying the license fee, at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva breached the License Agreement.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and therefore deny those allegations.**

131. The License Agreement states, "You may not load or use [SOLIDWORKS] in any

computer or copy it without a right to do so from [DS SolidWorks]." Ex. 5 at 2/45.

**ANSWER: Defendants acknowledge that the document cited by Plaintiff in Paragraph 131 (License Agreement attached as Exhibit 5) contains the statement cited by Plaintiff and otherwise deny the remainder of the allegations in Paragraph 131.**

132.   Defendants did not receive the right to load, use, or copy SOLIDWORKS from DS SolidWorks for the above-referenced unlicensed and unauthorized uses.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore deny those allegations.**

133.   At least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva downloaded the SOLIDWORKS 2023 and SOLIDWORKS 2024 releases of the SOLIDWORKS software to a computer storage unit, such as a hard disk drive, thereby creating a copy of SOLIDWORKS software without a right to do so from DS SolidWorks.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore deny those allegations.**

134.   Subsequent to downloading a copy of SOLIDWORKS, at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva installed, executed, and used the SOLIDWORKS software on one or more computers without a right to do so from DS SolidWorks.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore deny those allegations.**

135.   Each time at least one of Isaza, employees of Kitchenery, Bhuva, and/or persons under the control of Kitchenery or Bhuva executed SolidWorks, at least one of Isaza,

employees of Kitchenery, Bhuva, and/or persons under the control of Kitchenery or Bhuva caused a computer to copy the SOLIDWORKS software code stored on the computer storage unit (e.g., hard disk drive) to the computer's volatile memory, e.g., random access memory (RAM) without a right to do so from DS SolidWorks.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and therefore deny those allegations.**

136. At least one of Isaza, employees of Kitchenery, Bhuva, and/or persons under the control of Kitchenery or Bhuva executed SOLIDWORKS at least on the above-identified Computers.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and therefore deny those allegations.**

137. By copying SOLIDWORKS as described above, at least one of Isaza, employees of Kitchenery, Bhuva, and/or persons under the control of Kitchenery or Bhuva breached the License Agreement by copying SOLIDWORKS without the right to do so from DS SolidWorks.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore deny those allegations.**

138. By loading SOLIDWORKS onto the Computers, at least one of Isaza, employees of Kitchenery, Bhuva, and/or persons under the control of Kitchenery or Bhuva breached the License Agreement by loading SOLIDWORKS without the right to do so from DS SolidWorks.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and therefore deny those allegations.**

139. By using SOLIDWORKS on the Computers, at least one of Isaza, employees of Kitchenery, Bhuva, and/or persons under the control of Kitchenery or Bhuva breached the License Agreement by using SOLIDWORKS without the right to do so from DS SolidWorks.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and therefore deny those allegations.**

140. The License Agreement states: "DS [SolidWorks] also reserves the right to use a hardware lock device, license administration software, and/or a license authorization key to control access to [SOLIDWORKS]. You may not take any steps to avoid or defeat the purpose of any such measures. Use of any Offering without any required lock device or authorization key provided by DS is prohibited." Ex. 5 at 24/45.

**ANSWER: Defendants acknowledge that the document cited by Plaintiff in Paragraph 140 (License Agreement attached as Exhibit 5) contains the statement cited by Plaintiff and otherwise deny the remainder of the allegations in Paragraph 140.**

141. Upon information and belief, after installing SOLIDWORKS, at least one of Isaza, employees of Kitchenery, Bhuva, and/or persons under the control of Kitchenery or Bhuva ran the SolidSquad (SSQ) crack program.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and therefore deny those allegations.**

142. Running the SolidSquad (SSQ) crack program is a step to avoid or defeat the purpose of the license authorization key to control access to SOLIDWORKS.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and therefore deny those allegations.**

143. By running the SolidSquad (SSQ) crack program, at least one of Isaza, employees of Kitchenery, Bhuva, and/or persons under the control of Kitchenery or Bhuva breached the License Agreement.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and therefore deny those allegations.**

144. DS SolidWorks did not provide Defendants a license authorization key for the copies of SOLIDWORKS used on the Computers by at least one of Isaza, employees of Kitchenery, Bhuva, and/or persons under the control of Kitchenery or Bhuva for the above-referenced unlicensed and unauthorized uses.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and therefore deny those allegations.**

145. The License Agreement states that it is to be governed by the law of the Commonwealth of Massachusetts. Id. at 3/45.

**ANSWER: Defendants acknowledge that the document cited by Plaintiff in Paragraph 145 (License Agreement attached as Exhibit 5) contains the statement cited by Plaintiff and otherwise deny the remainder of the allegations in Paragraph 145.**

146. DS SolidWorks has been damaged by the aforementioned breach.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore deny those allegations.**

Respectfully submitted,

*/s/ Maria R. Burbridge*
Maria R. Burbridge, Esq.
Fla. Bar No. 1039494

**BURBRIDGE, PA**
7901 4th Street North

No. 22319
St. Petersburg, FL 33702
mb@burbridgelaw.com
954-406-2286

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2026, a true and correct copy of the foregoing

Defendants' Answer to Plaintiff's Complaint was served on all counsel of record via CM/ECF

electronic filing system.

*/s/ Maria R. Burbridge*
Maria R. Burbridge, Esq.

33