# Exhibit A

Exhibit A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No. 8:26-cv-705-WFJ/AAS**

DASSAULT SYSTEMES SOLIDWORDS CORPORATION,
a Delaware corporation,

Plaintiff,

v.

KITCHENERY, INC.,
a Florida corporation,
AKSHAY BHUVA, and
LUIS ISAZA,

Defendants.

---

**DECLARATION OF MARIA BURBRIDGE, ESQ. IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY**

I, Maria Burbridge, Esq., declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 of the following is true and correct:

1. I was retained as counsel for the defendants in this case, and entered an appearance on April 21, 2026, by filing an unopposed motion for extension of time for the defendants to respond to plaintiff's complaint. [DE 11]. During that initial representation, I operated as a true solo practitioner under my own firm, Burbridge, P.A.

2. During the pendency of this case, I was offered a position with Adelman Matz P.C. at the beginning of July 2026.

3. I started at Adelman Matz on July 13, 2026. As part of my transition from my solo practice to Adelman Matz, I presented my clients to the firm's partners to determine if there were any conflicts or any reservations about a particular client or matter. During that process, the firm decided that the Kitchenery suit would not be a good fit for the firm.

4. I can't remember the exact date that I notified the clients, but I believe it was sometime between 7/17/2026 and 7/22/2026, shortly after the firm evaluated my book of business and made its determination to decline continuing with representation in this suit.

a. During my telephone call with the clients, I told them I was trying to get in touch with opposing counsel in order to request an extension of time for all deadlines, including the then-pending discovery requests, but at that point I hadn't been able to get in touch with opposing counsel yet.

5. During the week of July 20, 2026, I called Jeremiah Foley on three different days, each time he did not pick up, and I left a voicemail after each attempt. At the end of that week, on July 24, 2026, I then received an email from Mr. Foley, who acknowledged that attorney Griffin Klema, Esq. had contacted him noting his possible taking on the case, asking oddly if Mr. Klema was "legitimate." I replied confirming that I was in fact withdrawing from the representation and would be filing a motion to that effect.

6. Mr. Foley later emailed me on July 30, 2026, suggesting that I had not sought an extension of time for my clients to respond to plaintiff's discovery requests. I immediately replied in writing, stating I had been trying to reach him, and asserting that the topic of an extension was part-and-parcel with my withdrawal, that I had advised my clients I had attempted to reach Mr. Foley respecting the extension. Following that exchange of emails, Mr. Foley and I spoke by phone and I explained that the defendants were in the process of retaining new counsel, and he orally represented to me that Dassault Systems would be willing to agree to an extension of time.

7. Given Mr. Foley's oral representation to me that his client would agree to an extension of time for the defendants to respond to Dassault Systemes' discovery requests, I did not file a formal motion for extension of time.

***Dated***: September 4, 2026

*/s/ Maria R. Burbridge*

Maria R. Burbridge, individually

FBN: 1039494

mburbesq@outlook.com

954-406-2286