# Exhibit B

Exhibit B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No. 8:26-cv-705-WFJ/AAS**

DASSAULT SYSTEMES SOLIDWORDS CORPORATION,
a Delaware corporation,

Plaintiff,

v.

KITCHENERY, INC.,
a Florida corporation,
AKSHAY BHUVA, and
LUIS ISAZA,

Defendants.

---

**DECLARATION OF GRIFFIN C. KLEMA, ESQ. IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY**

I, Griffin C. Klema, Esq., declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 of the following is true and correct:

1. I was contacted by the defendants in this action for possible representation on July 23, 2026. I spoke with him by telephone, and received some information respecting the litigation by email shortly thereafter.

2. Upon reviewing that information, it appeared that the plaintiff had propounded discovery on the defendants on June 22, 2026. However, I did not have any information about whether responses had been timely provided. Consequently, I emailed all 3 of the plaintiff's attorneys in this matter noting

my potential retention, and further requesting an extension of time to the extent the discovery had not yet been responded to. I never received a response from any of the three attorneys

3. On August 29, 2026, defendant Kitchenery, Inc. formally retained me in this litigation, and I entered an appearance.

4. Immediately thereafter, I sent another email to plaintiff's counsel, replying to my own earlier message, but this time noting that it was my understanding by that point that there was some kind of agreement respecting an extension of time for the discovery responses. I requested confirmation of that fact from plaintiff's counsel. Attached hereto as Exhibit B-1 is a true and correct copy of my email communications to plaintiff's counsel.

5. Not having heard from any of the attorneys for Dassault Systems, on September 3, 2026, I then phoned Mr. Johanson. During our call, he made clear he was simply serving as local counsel, and did not have authority to address my concern regarding the overdue discovery responses, saying that I needed to contact Messrs. Foley and Forbis.

6. I then tried to reach Mr. Foley by telephone immediately after that call, but was unable to leave a voicemail because his mailbox was full. Immediately following that attempt, I tried to reach Mr. Forbis by telephone, who did not answer, and I left a voicemail.

7. In the meantime, Mr. Johanson sent an email message to me copying his co-counsel, to which I then replied and for at least a third time sought Dassault Systemes' position regarding the discovery matter.

8. Mr. Foley finally responded to me at 6:49 PM on September 3, 2026, reneging what I understood was his prior oral agreement, claiming that there was no agreement for the discovery responses. I found it troubling that he would not simply address the matter directly, and instead invited to telephone call despite my (and apparently Ms. Burbridge's) repeated efforts to reach him by telephone. Shortly thereafter, I emailed him back once again seeking specifics regarding the discovery responses, to which I have not received a response. Attached hereto as Exhibit B-2 is a true and correct copy of my email communications with Mr. Foley.

9. Today, September 4, 2026, I once again tried to reach Mr. Foley by telephone, but he did not answer. I left a voicemail. He returned my call mid-day, and requested that the matter be deferred again until next week Tuesday. I pressed him for why we couldn't figure out a suitable deadline given that we were on the telephone, and he claimed he didn't have time to discuss it. I then further pressed him for whether Dassault Systemes opposed additional time to provide the responses given the change in counsel, to which he asked what good cause there was. I found it troubling that Mr. Foley did not have the required professionalism to provide any additional time when his client's case

is not being prejudiced. He then took the definitive position that Dassault Systems opposed the extension of time.

Dated: September 4, 2026.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292

# Exhibit B-1

Exhibit B-1

**Griffin Klema**

**From:** Griffin Klema <griffin@klemalaw.com>
**Sent:** Saturday, August 29, 2026 6:35 PM
**To:** 'erik@johanson.law'; 'gforbis@harnessip.com'; 'jfoley@harnessip.com'
**Subject:** RE: 8:26-cv-00705-WFJ (Dassault v. Kitchenery)

Please be advised that Kitchenery Inc. has engaged me as its counsel in the above matter, and I filed a notice of appearance. I understand from prior counsel that there was an agreement respecting an extension of time to respond to discovery propounded on it. Please confirm that my client was provided that extension and advise what the agreed-to deadline is. If there was no prior agreement on a date certain, I ask that I have until at least mid-September for responses. Thank you.

Sincerely,
Griffin

---

**From:** Griffin Klema <griffin@klemalaw.com>
**Sent:** Thursday, July 23, 2026 7:38 PM
**To:** 'erik@johanson.law' <erik@johanson.law>; 'gforbis@harnessip.com' <gforbis@harnessip.com>; 'jfoley@harnessip.com' <jfoley@harnessip.com>
**Subject:** 8:26-cv-00705-WFJ (Dassault v. Kitchenery)

Gentlemen:

I have been approached by the defendants to be engaged as new counsel. I see that there was discovery propounded on June 22, 2026, and kindly ask for an extension of time for the defendants to respond. I have not yet been formally engaged, but was just made aware of the discovery requests which I am not certain have been responded to.

Thank you,



**GRIFFIN KLEMA**
Intellectual Property & Litigation
**Klema Law, P.L.**

cell: 202-713-5292
video call: zoom
Griffin@KlemaLaw.com

# Exhibit B-2

Exhibit B-2

## Griffin Klema

**From:** Griffin Klema <griffin@klemalaw.com>
**Sent:** Thursday, September 3, 2026 7:09 PM
**To:** 'Foley, Jeremiah'; 'Erik Johanson'; 'Forbis, Glenn'
**Subject:** RE: 8:26-cv-00705-WFJ (Dassault v. Kitchenery)

I take it by your response that you will not agree to an extension of time? Or are you suggesting we confer by phone tomorrow on that topic?



**GRIFFIN KLEMA**
Intellectual Property & Litigation
Klema Law, P.L.

cell: 202-713-5292
video call: zoom
Griffin@KlemaLaw.com

---

**From:** Foley, Jeremiah <jfoley@harnessip.com>
**Sent:** Thursday, September 3, 2026 6:49 PM
**To:** Griffin Klema <griffin@klemalaw.com>; 'Erik Johanson' <erik@johanson.law>; Forbis, Glenn <gforbis@harnessip.com>
**Subject:** Re: 8:26-cv-00705-WFJ (Dassault v. Kitchenery)

Mr. Klema,

My apologies me and Mr. Forbis were at a hearing today. There has been no agreement regarding an extension of time to answer the discovery responses and they are long past due. I do not know where Ms. Burbridge got that idea from. I am free to discuss all day tomorrow. Please let me know when you are free.

Thank You,
Jeremiah Foley

---

**From:** Griffin Klema <griffin@klemalaw.com>
**Sent:** Thursday, September 3, 2026 11:40:12 AM
**To:** 'Erik Johanson' <erik@johanson.law>; Forbis, Glenn <gforbis@harnessip.com>; Foley, Jeremiah <jfoley@harnessip.com>
**Subject:** RE: 8:26-cv-00705-WFJ (Dassault v. Kitchenery)

EXTERNAL EMAIL - USE CAUTION

---

Thank you Mr. Johanson,

This will confirm you are serving primarily as local counsel, and that you are deferring to primary counsel (Messrs. Forbis and Foley) concerning my question on the deadline for my client’s discovery responses.

I tried Mr. Foley by telephone, and his voicemail box was full. I then attempted Mr. Forbis by phone, and left a voicemail. I need to understand Dassault Systems' position respecting the discovery responses that I understand became due at about the time that predecessor counsel Maria Burbridge was withdrawing. She has advised there was some informal agreement respecting the timing for Kitchenery's responses. I need either confirmation respecting the agreement of counsel on the deadline for my client's responses, or I will need to file a motion for an extension of time nunc pro tunc.

Should I not hear from you by the close of business today, I intend on filing a motion tomorrow. I trust we can work this matter out without seeking the assistance of the court. I look forward to hearing from you.

Sincerely,



**GRIFFIN KLEMA**
Intellectual Property & Litigation
**Klema Law, P.L.**

cell: 202-713-5292

video call:

Griffin@KlemaLaw.com

---

**From:** Erik Johanson <erik@johanson.law>
**Sent:** Thursday, September 3, 2026 12:25 PM
**To:** Griffin Klema <griffin@klemalaw.com>; gforbis@harnessip.com; jfoley@harnessip.com
**Subject:** RE: 8:26-cv-00705-WFJ (Dassault v. Kitchenery)

Griffin,

Nice chatting with you. I understand you are trying to ascertain the discovery response deadline and requesting an extension to respond. Jeremiah would probably be in the best position to answer your question about the deadline. @jfoley@harnessip.com, can you respond to Griffin's questions below?

Thanks,

Erik

**ERIK JOHANSON PLLC**
Office: 813-210-9442
Mobile: 727-743-7839
Email: erik@johanson.law

---

**From:** Griffin Klema <griffin@klemalaw.com>
**Sent:** Saturday, August 29, 2026 6:35 PM
**To:** Erik Johanson <erik@johanson.law>; gforbis@harnessip.com; jfoley@harnessip.com
**Subject:** RE: 8:26-cv-00705-WFJ (Dassault v. Kitchenery)

You don't often get email from griffin@klemalaw.com. Learn why this is important

Please be advised that Kitchenery Inc. has engaged me as its counsel in the above matter, and I filed a notice of appearance. I understand from prior counsel that there was an agreement respecting an extension of time to respond to discovery propounded on it. Please confirm that my client was provided that extension and advise what the agreed-to deadline is. If there was no prior agreement on a date certain, I ask that I have until at least mid-September for responses. Thank you.

Sincerely,
Griffin

---

**From:** Griffin Klema <griffin@klemalaw.com>
**Sent:** Thursday, July 23, 2026 7:38 PM
**To:** 'erik@johanson.law' <erik@johanson.law>; 'gforbis@harnessip.com' <gforbis@harnessip.com>; 'jfoley@harnessip.com' <jfoley@harnessip.com>
**Subject:** 8:26-cv-00705-WFJ (Dassault v. Kitchenery)

Gentlemen:

I have been approached by the defendants to be engaged as new counsel. I see that there was discovery propounded on June 22, 2026, and kindly ask for an extension of time for the defendants to respond. I have not yet been formally engaged, but was just made aware of the discovery requests which I am not certain have been responded to.

Thank you,



**GRIFFIN KLEMA**
Intellectual Property & Litigation
**Klema Law, P.L.**

cell: 202-713-5292
video call: zoom
Griffin@KlemaLaw.com

---

**HARNESS, DICKEY & PIERCE, PLC LEGAL NOTICE:** The information contained in this transmission is intended only for the individual(s) or entity(ies) to whom it is addressed. It may contain information protected from use and/or disclosure by law, including information that is protected as confidential, attorney-client privileged, attorney work product and/or trade secrets. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the addressee, the reader is hereby notified that any use, distribution or copying of this communication is strictly prohibited. If you believe you have received this facsimile or message in error, please immediately notify us at our expense by return mail or e-mail and permanently delete or destroy all copies of the message.
To comply with U.S. Treasury regulations, we advise you that any discussion of Federal tax issues in this communication was not intended to be used, and cannot be used, by any person (i) to avoid penalties that may be imposed by the Internal Revenue Service, or (ii) to promote, market or recommend to another party any matter addressed herein. Any portions of this transmission containing controlled technical data are restricted by U.S. export laws and regulations, and may not be distributed or retransmitted to non-U.S. persons without appropriate licensing or a licensing exemption. Neither this information block, nor the signature block, nor the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included.