**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No. 8:26-cv-705-WFJ/AAS**

DASSAULT SYSTEMES SOLIDWORDS CORPORATION,
a Delaware corporation,

Plaintiff,

v.

KITCHENERY, INC.,
a Florida corporation,
AKSHAY BHUVA, and
LUIS ISAZA,

Defendants.

---

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS A SHOTGUN PLEADING, OR ALTERNATIVELY FOR LEAVE TO FILE AMENDED ANSWERS AND AFFIRMATIVE DEFENSES**

Defendants, Kitchenery, Inc., Akshay Bhuva, and Luis Izasa, by and through their attorney, Griffin Klema, Esq., invoke the Court's inherent authority and obligation to strike or dismiss plaintiff Dassault Systemes SolidWorks Corp. ("Dassault") complaint as an impermissible shotgun pleading, or alternatively move pursuant to Fed. R. Civ. P. 15(a)(2) and 16(b), for leave to file amended answers and affirmative defenses to the complaint.

## TABLE OF CONTENTS

**Page**


**TABLE OF CONTENTS** .......... **2**

**TABLE OF CITATIONS** .......... **2**

**I. INTRODUCTION** .......... **4**

**II. PROCEDURAL HISTORY** .......... **5**

**III. ARGUMENT** .......... **6**

**A. The Court must order Dassault to replead its complaint *sua sponte* as an improper shotgun pleading** .......... **6**

*1. Eleventh Circuit Law on Shotgun Pleadings* .......... *8*

*2. Dassault's complaint embodies at least three different shotgun pleading problems* .......... *9*

*3. Dismissal with prejudice is appropriate here where Dassault was previously advised of its problematic pleading* .......... *12*

**B. If the complaint is not stricken or dismissed, defendants should be granted leave to amend their answers and affirmative defenses** .......... **15**

**IV. CONCLUSION** .......... **17**

**LOCAL RULE 3.01(G) CERTIFICATE** .......... **19**


## TABLE OF CITATIONS

**Page**

**Cases**


Byrne v. Nezhat, 261 F.3d 1075 (11th Cir. 2001) .......... 8, 14

Cesnik v. Edgewood Baptist Church, 88 F.3d 902 (11th Cir. 1996) .......... 8, 10

Dassault Systemes SolidWorks Corp. v. NewtonGen, Inc., no. 25-cv-2891 (M.D. Fla. Nov. 7, 2025) .......... 12, 14

Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955 (11th Cir. 2008)........ 12

Debose v. Univ. of S. Fla., 178 F.Supp.3d 1258 (M.D. Fla. 2016) .................. 13

Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594 (5th Cir. 1981)..................... 16

Jackson v. Bank of America, N.A., 898 F.3d 1348 (11th Cir. 2018)................ 14

Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274 (11th Cir. 2008)........................................................................................................ 12

Magluta v. Samples, 256 F.3d 1282 (11th Cir. 2001) .................................... 11

Malibu Media, LLC v. Ramsey, no. 14-cv-718, 2015 U.S. Dist. LEXIS 151273 (S.D. Ohio May 26, 2015) ............................................................. 13

Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989) ......................................... 15

Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987 (11th Cir. 2015)............ 15

PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802 (11th Cir. 2010)......................................................................... 8, 12, 15

Sosa v. Airprint Sys., Inc., 133 F. 3d 1417 (11th Cir. 1998)........................... 16

Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291 (11th Cir. 2018).................. 8, 12

Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002)................................................................................................ 12, 15

Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273 (11th Cir. 2006) ......... 8

Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015)................................................................................................... 9, 12

**Rules**

Fed. R. Civ. P. 15(a)(2)..................................................................... 16

## I. INTRODUCTION

This action is unlikely to resolve without trial because Dassault, a major multinational software corporation, has demanded an outrageous $1M in damages for a small startup company's good faith purchase of a used computer with software already installed on it—software that they were told was licensed but which Dassault claims is not. Despite that, the defendants ceased using the disputed software long ago in response to Dassault's demands. That basic factual narrative is buried amid multiple ambiguous "and/or" allegations among the three defendants while conflating multiple different legal theories into categorical claims without any cohesive legal or factual position. It is a shotgun pleading in multiple respects.

The Court must order Dassault to replead, and it also would not abuse its discretion to *sua sponte* dismiss the complaint with prejudice given Dassault's actual knowledge of pleading requirements in this District. Until Dassault files a compliant pleading, defendants should not be required to use discovery, as Dassault contends, to ferret out its legal and factual position from the woefully murky complaint. Nor should they be subject to the burdens of responding to Dassault's discovery when it is nigh impossible to define the boundaries of relevance or proportionality.

Alternatively, in the interests of justice, fairness, and clarity as between them, they each separately move for leave to file proposed amended answers

with affirmative defenses to the existing complaint—as best they can given the complaint's clear shotgun problems—so as to at least make clear on the defense side of the case what defenses apply to which of them and on what causes of action (again, as best can be discerned at present). This is their first time requesting leave to amend their responsive pleadings, and which comes shortly after the scheduling order deadline and a change in defense counsel.

## II. PROCEDURAL HISTORY

Dassault filed its complaint on March 17, 2026. [DE 1]. Defendants then engaged their initial counsel, Maria Burbridge, who requested an unopposed extension of time to respond to the complaint, [DE 11], which the Court granted and provided a deadline of May 26, 2026 for the defendants' response, [DE 12].

With settlement discussions continuing and predecessor counsel still seeking to obtain information to support the defendants' defenses, they sought a second extension of time, [DE 13] which the court granted to June 23, 2026, [DE 15]. All three defendants then timely filed a joint answer to the complaint. [DE 17]. That pleading contained no affirmative defenses.

Soon thereafter, defendants' prior counsel then sought to withdraw from the representation, see Decl. of Burbridge, [DE 21-1]; Mot., [DE 18], which the court granted, [DE 19]. Defendants then diligently retained new counsel on August 29, 2026. [DE 20]. Pursuant to the scheduling order, the deadline for

amended pleadings was less than 30 days ago: August 12, 2026. [DE 16]. But as explained in defendants' motion for extension of time to respond to Dassault's discovery, [DE 21], that deadline occurred during the time which predecessor counsel was in the process of withdrawing and joining a different law firm. The discovery deadline is not until April 12, 2026. [DE 16].

Upon retaining new counsel and attempting to secure information from predecessor counsel, plaintiff's counsel, and the defendants themselves, it became evident that the complaint's vague and ambiguous allegations made it difficult for defendants to respond to. That is evident from the multiple requests for extension of time, culminating in a basic answer without any affirmative defenses.

While the complaint is facially defective and subject to being struck, the defendants have multiple defenses—at least based on what they can glean at this time from Dassault's ambiguous pleading. Justice and fairness, at a minimum, requires they be provided leave to amend.

## III. ARGUMENT

### A. The Court must order Dassault to replead its complaint *sua sponte* as an improper shotgun pleading

Dassault's complaint is an impermissible shotgun pleading, subject to non-discretionary *sua sponte* dismissal. This issue is already well-known to Dassault, and, when (re)confronted about the problems with its shotgun

complaints during conferral, it claimed ignorance of the law of this Circuit.

Dassault's position is: The defendants understand the "gist" of the issues and therefore can use discovery to obtain the clarity Rules 8 and 10 require. No matter, so it says, that the complaint is replete with ambiguous "and/or" allegations lumping all defendants together. Dassault's response to the law of the Eleventh Circuit on shotgun pleadings? It claims because the Court here hasn't done anything, then there can't be anything wrong with the complaint. Defendants' conferral with Dassault (and the lack of agreement on an extension of time, prompting additional motion practice) illustrates the difficulties that this Court is likely to face in this case if Dassault is not held accountable for its improper and abusive tactics.

Apart from Dassault's untenable position for which at least one judge has already called it to task, this Court has no discretion to permit the pleading to remain operative. Nor can the Court simply accept mere correction to the incorporate-all-allegations-into-each-count problem. There are more problems than that. At least three of the types of shotgun pleadings are at issue here. And so defendants should not be put to the expense of this litigation unless and until Dassault can properly plead its case, consistent with the law of this Circuit.

1. *Eleventh Circuit Law on Shotgun Pleadings*

The Eleventh Circuit has "remind[ed] district courts of their supervisory **obligation** to sua sponte order re-pleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006) (emphasis supplied). So serious are shotgun pleadings that a judgment reached on that improper pleading is grounds for vacatur and reversal, id. (citing Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 910 (11th Cir. 1996)), and unsurprisingly shotgun pleadings are a "massive waste of judicial and private resources," PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). "Shotgun pleadings violate Rule 8" because such a pleading fails to "give defendants adequate notice of the claims against them in the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).

A litigant has "one chance to remedy such deficiencies." Id. If the party files a new pleading "with the same deficiency—the court should strike [the] pleading or, depending on the circumstances, dismiss [the] case and consider the imposition of monetary sanctions." Id. (quoting Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001)).

2. *Dassault's complaint embodies at least three different shotgun pleading problems*

Of the four types of shotgun pleadings set forth in Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015), Dassault has managed to include a trifecta: being vague in its allegations among the multiple defendants, failing to separate counts (a "mortal sin" of pleading in the Eleventh Circuit), and asserting multiple claims against multiple defendants without specifying which defendants are responsible for which predicate acts or omissions, or which defendants the claims are brought against. Other problems include two paragraph fives, and at least three verbatim duplicate allegations.

More fundamentally, the complaint names three defendants and asserts three counts across 146 paragraphs (multiple of which are verbatim duplicates), each count further comprising multiple claims and failing to delineate which defendant allegedly did what, lumping all defendants together for purposes of each count. The complaint also includes the "mortal sin" of subsequent counts swallowing whole its predecessors. One of those counts includes three different and factually-distinct theories of copyright infringement (Count I: direct, vicarious, and contributory). [DE 1 at 17-20]. That was just one of the issues that characterized the shotgun complaint in Cesnik, prompting the court to lament that the defendants did not force the

district court to address the issue, "[n]or did the court require" repleading on its own. 88 F.3d at 905 (the pleading "was framed in complete disregard of the principle that separate, discrete causes of action should be plead [sic] in separate counts" where one count included "nine discrete theories of recovery" leading the court to "instruct the district court, before proceeding further in this case, to require the appellants to replead counts two and three of their complaint").

Most glaringly, the pleading repeatedly uses the phrase "at least one of" in ambiguous reference to either defendant Isaza, or unnamed "employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva." [DE 1 at ¶¶ 61, 67-69, 72, 79-80, 103-107, 117-119, 127, 130, 133-139, 141, and 143] (28 times total). To make matters worse, certain other paragraphs then refer disjunctively *and* conjunctively to "Kitchenery and/or Bhuva" id. at ¶ 108, but then later only conjunctively, id. at ¶ 109 (Kitchenery and Bhuva"). Paragraph 67 is a prime example of the impossible task faced by defendants in responding, and this Court will face later at summary judgment or trial if not corrected: "upon information and belief, the Computers have been used by at least one of Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery and/or Bhuva."[1]

---

[1] The possible permutations of who did what here are many. Computer 1 was used by Isaza. Computer 1 was used by Bhuva. Computer 1 was used by Isaza and Bhuva. Or maybe it was

If that wasn't enough, the penultimate paragraphs of each count then recite all three defendants as having engaged in *all* the alleged misbehavior. Id. at ¶ 112 (Count I copyright infringement); id. at ¶¶ 123 (Count II DMCA violation); id. at ¶ 129, 132, and 144 (Count III breach of contract). Further still, some paragraphs aren't even proper English. E.g., id. at ¶ 60 (lacking a subject: "Unauthorized and unlicensed copies of the SOLIDWORKS software on Computer 2 to do work for Kitchenery, Inc.").

Dassault's pleading must be dismissed because its allegations "mak[e] no distinction among the [three] defendants charged." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). And "[e]ach count incorporates by reference the allegations made ... [in] the allegations of [the] count or counts that precede it." Id.[2] Consequently, it "is a quintessential 'shotgun' pleading" in multiple respects, not just the reincorporation issue. Id. Dassault's "pleading completely disregards Rule 10(b)'s requirement that discrete claims should be pled in separate counts" and it "is the type of complaint that [the Eleventh Circuit ha[s] criticized time and again." Id. Thus:

> When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.

---

Computer 2. Computer 1 was used by Doe employee 1 of Kitchenery. Computer 1 was used by Doe person 2 under the control of Kitchenery. And so on.

[2] See Compl. ¶¶ 100, 114, and 125.

Vibe Micro, 878 F.3d at 1296. After that one "opportunity to replead comes and goes, Daewoo's rule operates to allow the district court to dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend." Id. (citing Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc)).

*3. Dismissal with prejudice is appropriate here where Dassault was previously advised of its problematic pleading*

Shockingly, this is not the first time Dassault and its counsel have been told that their complaints in this District constitute impermissible shotgun pleading. See Order, [DE 14], Dassault Systemes SolidWorks Corp. v. NewtonGen, Inc., no. 25-cv-2891 (M.D. Fla. Nov. 7, 2025).[3] There, Judge Honeywell raised the issue *sua sponte*, pre-answer, and issued to Dassault a three-page order explaining the pleading requirements in the Eleventh Circuit, citing Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955 (11th Cir. 2008), PVC Windoors, 598 F.3d 802 (11th Cir. 2010), and Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008). Thus, that court's citation to Davis, among other cases, provided Dassault with multiple authorities that it here has intentionally disregarded a mere four months after

---

[3] Available at https://storage.courtlistener.com/recap/gov.uscourts.flmd.449102/gov.uscourts.flmd.449102.14.0.pdf

being ordered to replead in a near-identical case. Exact same claims. Exact same lawyers. The only conclusion is that Dassault has intentionally disregarded the clear, pervasive, and mandatory law in this Circuit in an effort to run-up the defendants' costs through its proposed solution: pursue discovery.[4] Such hide-the-ball tactics which only serve to increase the costs of defense are precisely the kind of artifice used by copyright trolls. Malibu Media, LLC v. Ramsey, no. 14-cv-718, 2015 U.S. Dist. LEXIS 151273, at *9 (S.D. Ohio May 26, 2015) (a litigant can be a copyright troll when they employ "abusive litigation tactics to extract settlements").

Moreover, Dassault's local counsel in both suits, Mr. Erik Johanson, is a former law clerk to Judge Kovachevich (2015 to 2018), and so he is *especially* knowledgeable of the pleading standards in the Eleventh Circuit and this District in particular. During his clerkship, Judge Kovachevich entered at least ten orders dismissing complaints as shotgun pleadings. E.g., Debose v. Univ. of S. Fla., 178 F.Supp.3d 1258, 1272 (M.D. Fla. 2016). Given that explicit knowledge and particularized experience of Dassault and its counsel, there can be little conclusion other than plaintiff has intentionally flouted the pleading standards, intentionally increased the costs to the defendants, and now

[4] Indeed, Dassault's settlement position has been that its demand will keep increasing the more this case is litigated, and it therefore takes the position that it will be entitled to attorney's fees despite the Copyright Act making them discretionary pursuant to the Fogerty factors. This is a recipe for contentious and protracted litigation over what amounts to software valued at approximately $3,000.

intentionally involved the Court by disputing that its pleading is a shotgun complaint after being told by another judge of this District that it was. Dassault's intentional conduct is improper and should not be condoned.

Incredibly, Dassault *still* hasn't properly pleaded its case in its near-identical action against NewtonGen, with its amended complaint eliciting a motion to dismiss that asserts (correctly), like here, that Dassault's complaint does not properly plead three different types of infringement theories (direct, vicarious, and contributory), nor does not clearly allege which of the eight copyrights was infringed, nor identify what defendants are to be held accountable for what conduct.[5]

Accordingly, while each of the defendants moves for leave to file an amended answer and affirmative defenses to the complaint, the Court must first order plaintiff Dassault to replead, or the Court could dismiss the complaint outright. The "circumstances" here warrant at least "the imposition of monetary sanctions," Jackson v. Bank of America, N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (quoting Byrne, 261 F.3d at 1133), to discourage Dassault from foisting needless work on its adversary and the Court, causing a "massive waste of judicial and private resources" in this District. PVC Windoors, 598

---

[5] Defs.' Mot. to Dismiss, [DE 22], Dassault Systemes SolidWorks Corp. v. NewtonGen, Inc., no. 25-cv-2891 (M.D. Fla. Mar. 19, 2026). The sole effort Dassault made to clean up its woefully defective complaint was to simply amend the three reincorporation paragraphs. As the defendants point out in NewtonGen, that is insufficient, and the complaint remains a shotgun pleading.

F.3d at 806 n.4. Doing so would not be an abuse of discretion. See Daewoo, 314 F.3d 541. "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Dassault has already received that warning from Judge Honeywell. "[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance." Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 991 (11th Cir. 2015). Indeed, dismissal with prejudice would be appropriate without leave to replead when Dassault and its counsel have repeatedly been made aware of the requirements for pleadings in the Eleventh Circuit, and has repeatedly failed to do.

**B. If the complaint is not stricken or dismissed, defendants should be granted leave to amend their answers and affirmative defenses**

As best the defendants can respond—given the state of Dassault's pleading—they should be allowed to amend their answers and affirmative defenses to at least in part attempt to address issues respecting each of them individually and assert affirmative defenses that have become evident through counsel's investigation of the facts since the filing of the initial joint answer on behalf of all defendants by predecessor counsel. [DE 17].

A defendant "may amend its pleading" either by obtaining the plaintiff's "written consent or [with] the court's leave." Fed. R. Civ. P. 15(a)(2). The rules also instruct that a district "court should freely give leave when justice so requires." Id. Here, justice requires amendment where predecessor counsel failed to allege even a single affirmative defense on behalf of three defendants to multiple (albeit vague) counts sounding in copyright and contract. Perhaps that was a direct product of the shotgun pleading itself. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981).

Moreover, good cause exists under Rule 16(b) for the same reasons that are articulated in defendants' motion for extension of time to respond to Dassault's discovery requests. See Sosa v. Airprint Sys., Inc., 133 F. 3d 1417, 1419 (11th Cir. 1998) (requiring a showing of good cause prior to allowing post-deadline amendment under Rule 15). Namely, that the deadline passed during a change in defendants' representation, and early in the proceeding. The amount of time has also not been great, especially in light of the defendants' recent retention of new counsel. The deadline for amended pleadings was August 12, 2026, 30 days ago, [DE 16], new counsel appeared on August 29, 2026, just thirteen days ago, [DE 20], and conferral was initiated on this very motion on September 4, 2026. Thus, defendants' new counsel has been diligent

in investigating the factual background of the case and seeking to address multiple issues in it, including the status of the pleadings. Additionally, nothing about the proposed amendments would unduly delay the other deadlines set by the scheduling order.[6]

The defendants include their proposed separate responsive pleadings as exhibits hereto. However, the proposed responses remain inadequate as a consequence of the complaint's myriad pleading errors and Dassault should first be ordered to replead in a way that allows the defendants to properly respond. While defendants include each of their proposed answers and affirmative defenses to the existing pleading, they ought to be able to respond to an amended complaint, as appropriate.

## IV. CONCLUSION

The complaint must be dismissed as a shotgun pleading. Doing so is not a discretionary matter. Moreover, the complaint should be dismissed with prejudice given that Dassault was previously put on notice of its defective pleading in a near-identical case in this District and has been represented by the same counsel. But to the extent the Court does not order repleading or dismissal, then defendants should be granted leave to amend their answers and affirmative defenses.

---

[6] Although for avoidance of doubt, defendants seek a stay of this action until such time as Dassault submits a complaint that does not violate the shotgun pleading rules.

**WHEREFORE**, defendants Kitchenery, Inc., Akshay Bhuva, and Luis Isaza respectfully request the court:

(a) find that plaintiff was previously ordered to replead in a nearly identical lawsuit in this District;

(b) find that plaintiff is an experienced federal court litigant and has been represented by the same counsel in this case and a separate case in which the court ordered repleading;

(c) strike plaintiff Dassault Systemes SolidWorks Corporation's complaint as a shotgun pleading or alternatively dismiss the complaint with prejudice;

(d) if not dismissed with prejudice, enter a stay of this action until such time as Dassault files a proper complaint;

(e) if not stricken or dismissed, amend the scheduling order [DE 16] to permit the proposed amended pleadings and grant defendants leave to file amended answers and affirmative defenses; and

(f) for such further relief as the Court deems just and proper.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672

420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Counsel for Defendants*

**LOCAL RULE 3.01(g) CERTIFICATE**

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. Dassault has asserted its pleading is not a shotgun pleading and refused to voluntarily amend. It also provided a blanket refusal to entertain any amendment to the defendants' answers and affirmative defenses.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.