**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| DASSAULT SYSTÈMES SOLIDWORKS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>KITCHENERY, INC., AKSHAY BHUVA, and LUIS ISAZA,<br><br>Defendants. | Case No. 8:26-cv-00705-WFJ-AAS<br><br>District Judge William F. Jung<br>Magistrate Judge Amanda Arnold Sansone |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS**

## I. INTRODUCTION

The real reason for the neglect here is evident in an email I received from Ms. Burbridge. She referred to her clients as her former clients on July 30, weeks before her motion to withdraw was granted. She washed her hands of them and did not think it was her duty to respond to the discovery requests. This neglect is not excusable.

The Defendants seek to have their neglect excused without curing it. They still have not served their objections and responses to the discovery requests. The longer they wait the more likely it is that the Court considers their objections

waived under the *Bailey* factors. *See Bailey v. City of Daytona Beach Shores*, 286 F.R.D. 625 (M.D. Fla. 2012).

Due to the circumstances of the attorney change, Dassault has been patiently waiting for the responses and has refrained from filing a motion to compel. However, we cannot accept that the now two-month delay to serve objections cannot possibly have any consequences. This Court's discovery handbook says that they should be waived "absent extraordinary circumstances." Such circumstances can be analyzed if Dassault makes a motion to compel and the Defendants raise an objection that Dassault argues is waived.

The Defendants have not presented excusable neglect as required for this extension requested six weeks after the objections and responses were due. Ms. Burbridge's affidavit does not state why she did not respond to the discovery requests, it says she got a new job. It also falsely states that I said I "would agree" to an extension. I did not speak to her on the phone on the day she says I said I "would agree" to an extension or afterwards.

Mr. Klema does not give a reason for failing to respond to the discovery requests since he was retained. Even if the previous counsel lied to him and told him that there was an extension granted, he would have known this was not true on September 3 when I told him there was no extension. He has drafted and filed

two motions since appearing. The undersigned cannot comprehend why he found either motion more important than the need to serve the Defendants' objections to the discovery requests.

Dassault and this Court would be prejudiced by this delay. Expert Reports are due on January 12 and we have not received any discovery. If we got the requested discovery today, we would only have four months to review the documents, request additional documents if necessary, assess what experts are needed, and prepare the expert for their report. This delay is entirely in the control of the Defendants, they could have served their discovery responses at any time since they were due and still have not. Neither Ms. Burbridge nor Mr. Klema have shown good faith. The two-month delay is in itself a sign of a lack of good faith. They argue only that they were diligent in "addressing the timing", which they were not. They do not argue that they were diligent in responding, which they continue to not be. They provide no reason why they have not even served the objections.

Therefore, the Court should deny this motion. This is not a harsh result for the Defendants. The consequence of their neglect is that the admissions are deemed admitted and their objections to the request for production and interrogatories are waived. They may move to withdraw or amend their admissions. The waiver of the objections may never come up. If it does this Court

can address whether the circumstances, including the requested discovery and the harshness of the result, allow looking past the waiver.

## II. ARGUMENT

### A. Legal Principles

#### 1. Excusable Neglect Is Required For The Requested Extension

Under Fed. R. Civ. P. 6(b)(1)(B), a court may only, for good cause, extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." The factors of excusable neglect include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Walter v. Blue Cross & Blue Shield United*, 181 F.3d 1198, 1201 (1999) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 395 (1993)).

#### 2. The Consequences For Failure to Timely Respond Are Waiver and Deemed Admission

Untimely objections to Rule 33 and Rule 34 requests are waived absent compelling circumstances. *Rollins v. Banker Lopez & Gassler, PA*, Caswe No. 8:19-cv-2336-T-33SPF, 2020 U.S. Dist. LEXIS 70876 at * 3 (M.D. Fla. Apr. 22, 2020) ("[F]ailure to make timely objections to the discovery waives those objections.") (citing Middle District Discovery (2015) ("Absent compelling circumstances,

failure to assert an objection to a request for production within the time allowed for responding constitutes waiver and will preclude a party from asserting the objection in response to a motion to compel.") Under Rule 36, "if the party fails to respond to requests for admission within thirty days, any matters properly included in the requests are deemed admitted." *Green v. Costco Wholesale Corp.*, Case No.: 8:17-cv-1428-T-27AAS, 2018 U.S. Dist. LEXIS 66810 at * 2 (citing Fed. R. Civ. P. 36(a)(1)).

**3. The Waiver and Deemed Admissions Are Not Absolute**

Courts can accept objections out of time in some circumstances. "Factors courts have considered in determining whether good cause exists to accept out of time objections include: '(1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party." *Snead v. City of Lake City*, Case No. 3:23-cv-713-WWB-MCR, 2024 U.S. Dist. LEXIS 161241 at * 5 (M.D. Fla. Sept. 9, 2024) (quoting *Bailey v. City of Daytona Beach Shores,* 286 F.R.D. 625, 627 (M.D. Fla. 2012)).

A party may move to withdraw or amend their admissions when deemed admitted. "The [C]ourt may permit a party to withdraw or amend its admissions if doing so would promote a presentation of the merits of the case and no prejudice exists with respect to the opposing party." *Green*, 2018 U.S. Dist. LEXIS 66810 at * 3 (citing Fed. R. Civ. P. 36(b)).

**B. The Defendants Have Not Shown Excusable Neglect**

**1. Dassault Is Prejudiced By The Lack Of Time to Do Discovery Prior To The Expert Deadline**

Expert reports are due on January 12. ECF No. 16. Dassault needs to know how defendants seek to defend themselves and assess what experts are necessary. Dassault also needs documents to prepare the experts. Granting this extension will make discovery more difficult. This prejudices the party seeking discovery. *Smith v. Connor*, Case No. 8:12-CV-52-T-30-AEP, 2013 U.S. Dist. LEXIS 7248 at * 5 (M.D. Fla. Jan. 17, 2013) (citing 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699 at 536-37 (2d ed. 1983)). Further, Dassault may need to seek extensions for this deadline and possibly the discovery deadline. This all depends on when they provide the responses and if they are withholding anything. We cannot know either until they serve their objections.

Further, Dassault will be prejudiced if it cannot argue that the objections are waived. Defendants have delayed discovery by two months and counting. If Dassault needs to make a motion to compel the delay would be longer. Dassault

should not be precluded from arguing the objections are waived when this is the consequence of not serving objections in time.

Dassault cannot particularize this prejudice without knowing what the objections to the discovery requests are and whether the Defendants will be withholding anything. This issue would be better addressed under the *Bailey* factors should Dassault need to file a motion to compel (which it may never need to do.)

**2. The Two-Month Delay Is In Itself Sufficient to Find Waiver, Courts Have Found Waiver With a Delay Measured in Days**

Dassault has been waiting for two months for the discovery objections. This is sufficient to find the objections waived. *Bailey v. City of Daytona Beach Shores*, 286 F.R.D. 625, 627 (2012) ("Despite having been served with the request to produce, and follow up by Defendant's counsel, Plaintiff failed to respond until approximately two months after her responses to the requests for production were due. This is not a minor procedural error. A delay of this length is sufficient to justify a finding of lack of good faith on Plaintiff's part and has been held sufficient to find a waiver.") Much shorter time periods are found to cause objections to be waived. *Snead v. City of Lake City*, CASE NO. 3:23-cv-713-WWB-MCR, 2024 U.S. Dist. LEXIS 161241 at * 12 (M.D. Fla. Sept. 9, 2024) (delay of five days sufficient for waiver.)

**3. The Defendants Provide No Reason For Not Responding The Discovery Requests, Answering Them Was Entirely In Their Power**

**a. An Attorney Getting A New Job Is No Excuse For Letting a Deadline Blow By.**

Defendants state that they did not answer the discovery requests because Ms. Burbridge got a new job. No court has found that getting a new job is an excuse to neglect serving discovery responses or objections. At best the reason is that Ms. Burbridge was too busy. This is not excusable neglect. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) ("[I[t is widely accepted that neglect due to a busy schedule is not excusable neglect."); *Clinkscales v. Chevron U.S.A.*, 831 F.2d 1565, 1569 (11th Cir. 1987) ("It is well established, however, that 'the fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)(2).'")

The next reason given is that Ms. Burbridge called and I did not answer. Ms. Burbridge left me voicemails on July 21 and July 22, but did not request an extension in them. Ex. 1 at ¶ 2. She did not email me on those days. Ex. 1 at ¶ 3. Defendants present no reason why they did not respond or object on July 22 or seek an extension on that date. They provide no reason why they did not respond or object between July 22 and July 30. The deadline was clear and Defendants did not respond. Such a failure to respond is inexcusable. *Silas v.*

*Sheriff of Broward Cnty.*, 55 F.4th 872, 877 (11th Cir. 2022) ("[F]ailure to abide by a clear legal deadline constitutes inexcusable neglect.")

#### b. Defendant's Excuse for Not Answering After July 30 Is False

I never gave the defendants an extension, or even said I would offer it. On July 29, an employee of Kitchenery emailed me stating "We understand that Ms. Burbridge requested an extension concerning Kitchenery's responses to Dassault's discovery requests. Please let us know whether there have been any developments concerning that request or whether any immediate procedural action is required." Ex. 1 at ¶ 7.

I emailed Ms. Burbridge asking her to tell her clients that I am not allowed to speak with them and informed Ms. Burbridge that she did not request an extension to the discovery responses as her client thinks. Ex. 1 at ¶ 8. I told her the discovery was overdue and asked when she was going to provide it. *Id.*

The real reason for the neglect is evident in her response, she thought her clients were her former clients weeks before her motion to withdraw was granted. On June 30, she responded "I do want to make it clear that I did not tell my **former clients** that I received an extension." Ex. 1 at ¶ 9 (emphasis added). She emailed me a draft of her motion to withdraw and gave me permission to

speak with her clients. Ex. 1 at ¶ 9. After a change to the motion I said it was OK. Ex. 1 at ¶ 9.

I did not speak to Ms. Burbridge orally at all after this exchange of emails. Ms. Burbridge's statement in paragraph 8 of her declaration is false. Ex. 1 at ¶ 13. I did not speak orally to Ms. Burbridge after the July 30 exchange of emails at all. Ex. 1 at ¶ 10. I have no recollection of it and my phone call history shows that I did not speak to her on the phone since July 28. Ex. 1 at ¶¶ 11-12.

On August 5th, I still had not received the discovery responses. Ex. 1 at ¶ 14. I emailed the Kitchenery employee and informed him that the discovery was overdue. *Id.*

On August 19th I still had not received any discovery responses. I emailed Ms. Burbridge noting that we have not received the discovery responses and that she still had not filed the Motion to Withdraw. Ex. 1 at ¶ 15. This prompted her to file the Motion to Withdraw on August 20th. Ex. 1 at ¶ 16. Ms. Burbridge did not send me the discovery responses before the Motion was granted on August 21. Ex. 1 at ¶ 16.

At no point did Ms. Burbridge think she received an extension. Even if she thought she received one, such a mistaken belief would not be excusable neglect. *Silas*, 55 F.4th at 877 ("inadvertence, ignorance of the rules, or mistakes

construing the rules do not usually constitute 'excusable neglect.'") (quoting *Pioneer*, 507 U.S. 380 at 392).

**a. No Excuse Is Provided For Current Counsel's Neglect In Responding to the Discovery**

Mr. Klema provides no excuse for why he has not served the responses since being retained by Kitchenery. He emailed me on July 23, explicitly saying he was not retained. Ex. 1 ¶ 4. As he states I did not respond. I had never heard of him and asked Ms. Burbridge if he was legitimate. Ex. 1 ¶ 5. She did not answer my question about Mr. Klema and said she will be withdrawing. Ex. 1 ¶ 6. He could not have gotten the idea that there was an extension from my lack of response.

If Mr. Klema ever held the belief that there was an agreement to grant an extension, this would have been dispelled on September 3 when I told him in clear terms that there was not. Ex. 1 ¶ 17. He has not provided the responses or objections in the two weeks since. Ex. 1 ¶ 18. He provides no excuse for his neglect. He has filed two motions since being retained. The undersigned does not understand why he felt those motions were more important than the objections to the discovery requests.

**C. The Defendants Should Cure Their Neglect Instead of Asking for It to Be Excused. No Harsh Result Arises From Denying This**

**Motion**

The consequences of the Defendants' neglect can be cured rather than excused. The consequence of not responding to the requests for admission is that they are deemed admitted. *Green*, 2018 U.S. Dist. LEXIS 66810 at * 2 (citing Fed. R. Civ. P. 36(a)(1)). They can fix that by amending or withdrawing their admissions. *Id.* at * 3.

The consequences of the not providing responses to discovery requests is that you may face a motion to compel. Dassault is patiently waiting for the responses instead of making a motion due to these circumstances. There will be no consequences for their neglect if they respond promptly.

The consequence of failing to object to requests for production or interrogatories is that the objections are generally waived. *Rollins*, 2020 U.S. Dist. LEXIS 70876 at * 3. This is the most difficult position the Defendants have put themselves in, the best way to try to cure this neglect is to serve the objections as soon as possible.

This issue may never arise. It will only arise if they withhold something based on an objection, raise said objection in response to a motion to compel, and Dassault argues it is waived. If that happens, they can try to show that the circumstances provide that it should not be waived. *Sneed*, 2024 U.S. Dist. LEXIS 161241 at * 5. This will prevent excessively harsh results of their neglect.

However a harsh result gets more likely the longer they wait to serve their objections. Each day they do not serve them, they are less likely to get the waiver overlooked.

## III. CONCLUSION

This motion should be denied and Defendants should serve their objections and responses as soon as possible.

Dated: September 18, 2026

Respectfully Submitted By:

By: /s/Jeremiah J. Foley
HARNESS, DICKEY & PIERCE, P.L.C.
Glenn E. Forbis
Jeremiah J. Foley
100 Bloomfield Hills Parkway, Suite 200
Bloomfield Hills, MI 48304
(248) 641-1600
(248) 641-0270 Fax
gforbis@harnessip.com
jfoley@harnessip.com

*Of Counsel for Plaintiff*

Erik Johanson, Esq.
Florida Bar No. 106417
Erik Johanson PLLC
3414 W. Bay to Bay Blvd
Suite 300
Tampa, FL 33629
Tel: (813) 210-9442
erik@johanson.law
ecf@johanson.law
*Local Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will be served by operation of the Court's electronic filing system upon all counsel of record and ECF participants.

Griffin C. Klema, Esq.
Fla. Bar No. 100279
Klema Law, P.L.
PO Box 172381
Tampa, FL 33672
Griffin@KlemaLaw.com

/s/Jeremiah J. Foley

80576507