**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DASSAULT SYSTÈMES SOLIDWORKS CORP.,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-705-WFJ-AAS**

**KITCHENERY, INC., AKSHAY BHUVA, and LUIS ISAZA,**

**Defendants.**
**___________________________________/**

## ORDER

Defendants, Kitchenery, Inc., Akshay Bhuva, and Luis Isaza (collectively, the defendants) move for an extension of time to respond to Plaintiff Dassault Systèmes SolidWorks Corp.'s (Dassault) discovery requests. (Doc. 21). Dassault opposes the defendants' motion. (Doc. 27).

## I. BACKGROUND

This is a copyright infringement action. (Doc. 1). On May 26, 2026, the court entered its case management and scheduling order, setting the discovery deadline as April 12, 2027. (Doc. 16). The defendants were originally represented by Maria Burbridge, Esq., a solo practitioner. (Doc. 21-1). On June

22, 2026, Dassault served discovery requests, including interrogatories, requests for production, and requests for admissions. Approximately two weeks later, Attorney Burbridge accepted new employment with a firm that elected not to take this case. (*Id.*). Attorney Burbridge attempted to contact Dassault's counsel to discuss her withdrawal and the pending discovery requests. (*Id.*).

On July 23, 2026, the defendants' current counsel, Griffin C. Klema, Esq., emailed Dassault's counsel regarding his possible retention by the defendants and raised the matter of a discovery extension. (Doc. 21-2). Dassault's counsel did not respond. Instead, Dassault's counsel emailed Attorney Burbridge to question whether Attorney Klema's retention. (Docs. 21-1 & 27-1). According to Attorney Burbridge, Dassault's counsel and Attorney Burbridge spoke by telephone on July 30, 2026, during which Attorney Burbridge states that Dassault's counsel orally agreed to an extension for the defendants' discovery responses. (*Id.*). Attorney Foley denies this phone call or informal extension agreement occurred. (Doc. 27-1). Attorney Burbridge withdrew from the action, and Attorney Klema appeared on August 29, 2026. (Docs. 18, 19, 20).

Attorney Klema made several further attempts to contact Dassault's

counsel regarding an extension for the defendants' discovery responses. (Doc. 21-2). On September 4, 2026, Dassault's counsel contacted Attorney Klema and stated there was no good cause for the extension. (*Id.*). The defendants now request an extension to serve their responses to Dassault's discovery requests by September 30, 2026. (Doc. 21). Dassault opposes the motion. (Doc. 27).

## II. ANALYSIS

Federal Rule 6(b)(1)(B) provides that, when an act is required or allowed to be done within a specified time, "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Fisher v. Off. of State Attorney 13th Jud. Circuit Fla.*, 162 F. App'x. 937, 940 (11th Cir. 2006) ("Rule 6(b) specifically contemplates that a party can obtain an extension of time even after missing a deadline.").

"The Supreme Court has designated four factors a court should consider to determine whether a late filing constitutes excusable *neglect." GSR Mkts. Ltd. v. McDonald*, 2022 WL 846768, at *1 (N.D. Ga. Mar. 22, 2022) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)). "These factors include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the

reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* The first two factors—prejudice to the opposing party and judicial efficiency—are accorded "primary importance." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citation omitted). Overall, "[t]he determination of excusable neglect is an equitable one that should take into account the totality of the circumstances surrounding the party's omission." *GSR Mkts. Ltd.*, 2022 WL 846768, at *1 (citation and quotations omitted).

The court finds that good cause exists to extend the time for the defendants to respond to Dassault's discovery requests. First, there is no danger of prejudice to Dassault as this case is in the early stages of discovery, with a discovery deadline of April 12, 2027. Second, an approximately 2-month extension of time to accommodate the defendants' change in representation has minimal effect on the judicial proceedings. Third, within the 30-day discovery response window, the defendants' counsel withdrew from the case, and both former and current counsel diligently attempted to confer with Dassault's counsel regarding an extension. (*See* Docs. 21-1, 21-2). Finally, there is no evidence that the defendants' counsel acted in bad faith.

The parties are reminded that discovery is intended to operate with

minimal judicial supervisionun uless a dispute arises and one of the parties files a motion requiring judicial intervention. The court expects a high degree of professionalism and cooperation in the discovery process, as is seen in the first section of the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida, where it states, "Discovery in this district should be practiced *with a spirit of cooperation and civility*." Middle District Discovery (2021) at Section I(A)(1) (emphasis added).

## III. CONCLUSION

The defendants' motion for extension of time to respond to Dassault's discovery requests (Doc. 21) is **GRANTED**. The defendants' discovery responses are due by **September 30, 2026**.

**ORDERED** in Tampa, Florida, on September 24, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge