**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No. 8:26-cv-705-WFJ/AAS**

DASSAULT SYSTEMES SOLIDWORDS CORPORATION,
a Delaware corporation,

Plaintiff,

v.

KITCHENERY, INC.,
a Florida corporation,
AKSHAY BHUVA, and
LUIS ISAZA,

Defendants.

---

# DEFENDANTS' MOTION FOR ORDER AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 1292(b)

Defendants Kitchenery, Inc., Akshay Bhuva, and Luis Isaza, by and through their attorney, Griffin Klema, Esq., and pursuant to 28 U.S.C. § 1292(b), move the Court to certify the question of secondary liability under the Copyright Act, as argued in their Rule 12(c) motion for judgment on the pleadings.

## I. STANDARD FOR CERTIFYING AN INTERLOCUTORY ORDER FOR IMMEDIATE APPEAL

"Congress expanded the latitude for intermediate appeals in civil actions" in passing the Interlocutory Appeals Act of 1958. DiBella v. United States, 369 U.S. 121, 125 (1962). The Act, codified at 28 U.S.C. § 1292(b),

"enlarg[es] the jurisdiction of the courts of appeals." United States v. Woodbury, 263 F.2d 784, 785 (9th Cir. 1959). It sets forth three elements necessary to certify a question to the appellate court: (1) a controlling question of law, (2) a substantial ground for difference of opinion on that question, and (3) an appeal addressing the question will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The statute speaks in mandatory terms. A district court "shall" certify its order for interlocutory appeal when the three conditions are met. Id.; see also Ahrenholz v. Board of Trs. of the Univ. of Ill., 219 F.3d 674, 677 (7th Cir. 2000) (it is "the **duty** of the district court … to allow an immediate appeal to be taken when the statutory criteria are met") (emphasis supplied); Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 110-11 (2009) ("district courts should not hesitate to certify an interlocutory appeal" when a district court's ruling "is of special consequence").

## II. THE COURT SHOULD CERTIFY THE QUESTION OF VICARIOUS LIABILITY

The issue of secondary liability, raised in the defendants' motion and relying on a recent decision of the Supreme Court that calls into question the viability and scope of vicarious liability under the Copyright Act, is one that should be certified for immediate appeal to the Eleventh Circuit Court of Appeals under 28 U.S.C. § 1292(b). Indeed, it must be so certified when the statutory criteria are satisfied. They are here.

### 1. The order will decide a purely legal issue of statutory construction which does not depend on any factfinding

The motion, raising an abstract legal issue of whether the Copyright Act embodies a claim of vicarious liability, is a question which the Eleventh Circuit "can decide quickly and cleanly," Mamani v. Berzain, 825 F.3d 1304, 1312 (11th Cir. 2016) (quoting McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004)), because it is essentially one of statutory construction. It is also an issue that the higher court "can resolve 'without having to delve beyond the surface of the record in order to determine the facts'" as a consequence of what amounts to pure statutory analysis in light of the Supreme Court's recent decision in Cox Communications. Id. Either the Copyright Act allows, or it does not allow, claims of vicarious copyright infringement. It is a clean vehicle to present a purely legal question and one that is controlling here as to at least defendants Kitchenery, Inc. and Akshay Bhuva.

A controlling question of law is also one that, if the district court's order were reversed, would substantially narrow the action. See Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990); see also McFarlin, 381 F.3d at 1259 ("resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation"). That is true here, where if no secondary claims lie against two of the three defendants, then Dassault's case would be substantially simplified and narrowed.

An issue of law has also been deemed controlling where, as here, "the certified issue has precedential value for a large number of cases." Klinghoffer, 921 F.2d at 24. The scope of secondary liability under the Copyright Act is precisely such a question suitable for interlocutory appeal, McFarlin, 381 F.3d at 1257, and which is regularly part of copyright cases litigated in this district and elsewhere within the Eleventh Circuit. Establishing precedent on the existence of cognizable claims under the Copyright Act would be generally relevant within all the district courts of the Eleventh Circuit.

The Court's order would cleanly embody a pure legal issue satisfying the first element under Section 1292(b) for immediate appellate review. The second is also satisfied by the Supreme Court's recent decision in Cox Communications.

**2. There is a substantial ground for difference of opinion about whether the Copyright Act permits expansive theories of secondary liability**

A "substantial ground for difference of opinion" exists as to the continued viability of judge-made law not found in the text of the Copyright Act, and which the Supreme Court has repeatedly stated is impermissible.

Appellate courts that have found or suggested the viability of a vicarious liability theory, including the Eleventh Circuit's decision in S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers, 756 F.2d 801 (11th Cir. 1985) are in direct conflict with what the Supreme Court has repeatedly and

unwaveringly held since the founding is the source of copyright rights and causes of action: the Copyright Act alone. Thompson v. Hubbard, 131 U.S. 123, 151 (1889) ("any right of action in [a plaintiff] are only those prescribed by Congress"); accord Mazer v. Stein, 347 U.S. 201, 214 (1954) (copyright "did not exist at common law"); Fox Film Corp. v. Doyal, 286 U.S. 123, 127 (1932) ("this Court has repeatedly said, the Congress did not sanction an existing right but created a new one"); Hills & Co. v. Hoover, 220 U.S. 329, 337 (1911) ("no action outside of [the Copyright Act] will lie"); Globe Newspaper Co. v. Walker, 210 U.S. 356, 362 (1908) (the copyright statutes "did not provide for the continuation of the common-law right, but, under constitutional authority, created a new right"); Paige v. Banks, 80 U.S. 608, 611 (1871) (copyright is "a creature of statute"); Stevens v. Gladding, 58 U.S. 447, 454 (1855) (there is "no common law of copyright in this country"); Wheaton v. Peters, 33 U.S. 591, 658 (1834) ("The common law [can] be made a part of our federal system, only by legislative adoption.").

Cox Communications reiterated that difference of opinion—between the Supreme Court and the inferior lower courts—punctuated by Justice Sotomayor's concurrence in the judgment, who recognized that the majority opinion "curtails secondary liability." Cox Communications, 146 S.Ct. at 976.

**3. An appeal would establish clear precedent in the Eleventh Circuit applicable to many cases and also materially advance the ultimate termination of this litigation**

In view of Cox Communications, urgent clarity is needed in copyright enforcement actions, like this case, where plaintiffs often use the specter of prevailing party attorney's fees *in terrorem* to secure damages beyond just recompense. The appropriateness of expansive theories of liability reaching defendants several steps removed from the direct infringer, as here, is a significant issue greatly expanding the burdens on courts to adjudicate. Cox Communications directly calls into question the theories now being advanced by Dassault. Not only would an appellate decision applying Cox Communications to vicarious liability claims fully resolve the litigation as to at least two of the three defendants, it would establish precedent within the Eleventh Circuit more broadly, effectively terminating or substantially limiting many copyright cases. Moreover, the statute only requires that the appeal "**may** materially advance the ultimate termination of the litigation," not that it conclusively will. 28 U.S.C. § 1292(b) (emphasis supplied).

**4. The Eleventh Circuit is likely to accept jurisdiction, and decide what vicarious liability claims remain, if any, post-Cox Communications**

The Eleventh Circuit has accepted discretionary appellate review of certified questions involving copyright, and those issues have then reached the Supreme Court. Judge Ruiz, in Warner Chappell Music v. Nealy, 601 U.S. 366

(2024) arrived in the high court from the Southern District of Florida through an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). See Certification Order, Nealy v. Atlantic Recording Corp., no. 18-cv-25474 (S.D. Fla. Jun. 21, 2021),[1] and Order Granting Permission to Appeal, Music Specialist, Inc. v. Warner Chappell Music, Inc., no. 21-90018 (11th Cir. Sept. 22, 2021).[2] The Supreme Court went so far as to compliment District Judge Ruiz for "[a]ppreciating the impact of [his] ruling" when he "certified [the question] for interlocutory appeal." Warner Chappell, 144 S. Ct. at 1138. The trajectory of Warner Chappell Music illustrates that both the Supreme Court and the Eleventh Circuit are keenly aware of the broad scope of questions that arise under the Copyright Act, and which includes the issues now raised by defendants in their Rule 12(c) motion for judgment on the pleadings.

That interest by higher courts is piqued by the fact that most copyright cases never reach appellate review on the merits. The majority of copyright suits are abandoned by plaintiffs without a preclusive judgment, and infringement cases in particular are some of the rarest cases to reach trial, just 0.2 percent in 2023, while also having one of the highest rates of resolution

---

[1] Available at https://storage.courtlistener.com/recap/gov.uscourts.flsd.541553/gov.uscourts.flsd.541553.262.0.pdf

[2] Available at https://storage.courtlistener.com/recap/gov.uscourts.ca11.74465/gov.uscourts.ca11.74465.9.2.pdf

without any court action: 42.8 percent. Admin. Office of the U.S. Courts, STATISTICAL TABLES FOR THE FEDERAL JUDICIARY, Table C-4 (2023). Among those terminated without court action, nearly eleven percent are voluntarily dismissed without prejudice, and less than one percent reach a merits outcome either at trial or through Rules 12 or 56. Melissa Eckhause, *Fighting Image Piracy or Copyright Trolling? An Empirical Study of Photography Copyright Infringement Lawsuits*, 86 ALB. L. REV. 111, 152-53 (2023). Consequently, certifying a pure legal question is more likely to be granted where the odds of a merits-based appeal reaching the circuit court are low.

## CONCLUSION

The three elements required for interlocutory certification are present. The statute obligates a district court to certify the issue when those conditions are met. Therefore, the Court should certify the following question for immediate interlocutory appeal:

> Does the Copyright Act impose liability on a defendant merely because (1) it had a right and ability to supervise a direct infringer and (2) it had a financial interest in the direct infringer's labor?

Alternatively, the question could be certified as:

> Does a claim for vicarious infringement lie under the Copyright Act where the defendant has not itself directly infringed, but rather is merely alleged to have an agency relationship with the direct infringer?

A further alternative would be for the Court to formulate its own question.

**WHEREFORE**, defendants Kitchenery, Inc., Akshay Bhuva, and Luis Isaza request the Court

a) grant this motion;

b) find that the issue of secondary liability under the Copyright Act is a controlling question of law with respect to Kitchenery, Inc. and Akshay Bhuva;

c) find that there is a substantial ground for difference of opinion concerning whether the Copyright Act allows for secondary liability merely where a party has a "right and ability to supervise" and a "direct financial interest in" the conduct of a direct infringer;

d) find that an immediate appeal of the Court's order on the defendants' motion for judgment on the pleadings may materially advance the ultimate termination of the litigation;

e) certify the question to the Eleventh Circuit under 28 U.S.C. § 1292(b); and

f) grant such further relief as the Court deems just and proper.

/s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606

Telephone: 202-713-5292
*Counsel for Defendants*

**LOCAL RULE 3.01(G) CERTIFICATE**

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.