**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| DASSAULT SYSTÈMES SOLIDWORKS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>KITCHENERY, INC., AKSHAY BHUVA, and LUIS ISAZA,<br><br>Defendants. | Case No. 8:26-cv-00705-WFJ-AAS<br><br>District Judge William F. Jung<br>Magistrate Judge Amanda Arnold Sansone |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER AND CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiff Dassault Systemes SolidWorks Corporation ("Dassault") hereby opposes Defendants' Motion for Order and Certificate of Appealability Pursuant to 28 U.S.C. § 1292(b).

## I. INTRODUCTION

The Defendants are seeking a Circuit Court review of whether vicarious liability exists in copyright cases. The Supreme Court and the Eleventh Circuit have clearly found that vicarious liability exists, regardless of whether it is specifically noted in the Copyright Act. This is far from a difficult issue and it has been decided the same way for decades.

There is no split on this issue. The Defendants did not cite, and the undersigned cannot find, any court finding differently. This is a theory the Defendants alone concocted, this alone cannot establish the substantial grounds for difference of opinion required for the requested order.

The recent *Cox Communications* Supreme Court case did not call into question vicarious liability. It rejected an alternative contributory liability theory generated by the Fourth Circuit. The Supreme Court gave no hint that either vicarious or contributory infringement would be altered, let alone eradicated as the Defendants propound.

Further, even if the Eleventh Circuit unilaterally went back on decades of precedent, there would be no reduction in the amount of litigation necessary. The claims and parties would remain in the case. Mr. Isaza is alleged to have used the pirated software. His employer, Kitchenery, Inc. and its President Mr. Bhuva are alleged to have contributorily infringed. Mr. Bhuva is alleged to have directly infringed through his participation in the infringement. Even if vicarious liability was thrown out, Mr. Bhuva and Kitchenery, Inc. would still be liable under the older principle of respondeat superior. Even the Defendants do not go so far as maintaining that employers cannot be liable for the actions of their employees. If this was an issue, it could be addressed if necessary after final judgement.

## II. ARGUMENT

### A. Legal Principles

Interlocutory review under § 1292(b) is a rare exception to the general rule that appellate review occurs after final judgment. *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1264. This court may grant permission for an interlocutory appeal only on "(1) pure questions of law (2) which are controlling of at least a substantial part of the case, (3) and which are specified by the district court in its order, (4) and about which there are substantial grounds for difference of opinion, and (5) and whose resolution may well substantially reduce the amount of litigation necessary on remand." *Id.*

The Eleventh Circuit has held that "a question of law as to which we are in 'complete and unequivocal' agreement with the district court is not a proper one for § 1292(b) review." *Id.* at 1258. "Substantial ground for difference of opinion exists when a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*, 165 F.Supp.3d 1330, 1335 (N.D. Ga. 2015). Further, "An appeal is not appropriate when essentially the same parties and issues would remain before the district court regardless of the appellate outcome. *Id.* at 1259.

### B. <u>There Is Complete and Unequivocal Agreement That Vicarious Liability Exists In Copyright Infringement</u>

The Defendants' motion understandably presumes that this Court will recognize vicarious liability in copyright actions. If it does it will be in complete and unequivocal agreement with the Eleventh Circuit. The Supreme Court has recognized it. *Cox Commc'ns, Inc. v. Sony Music Ent.*, 607 U.S. 583, 588 (2026) ("This Court has also recognized two categories of secondary copyright liability… 'contributory' liability and 'vicarious' liability.")(citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)); *See, also,* 4 Nimmer on Copyright § 13E.01 ("The Supreme Court has been clear about secondary liability in copyright."). The Eleventh Circuit has recognized it. *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129. 1138 at n. 19 (11th Cir. 2007). The other Circuit Courts agree as well. *See, e.g., Leonard v. Stemtech Intl. Inc.,* 834 F.3d 376, 388 (3rd Cir. 2016); *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 513 (4th Cir. 2002); *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001); *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*¸845 F.2d 773, 781 (8th Cir. 1988); *Shapiro, Bernstein & Co. v. H.L. Green Co.,* 316 F.2d 304, 307 (2nd Cir. 1963).

This is not an issue of first impression, let alone a difficult one. The Defendant merely cites case law on copyright not existing at common law. The Eleventh Circuit held that these well-established principles derived from common law apply in spite of that. *BUC*, 489 F.3d at 1138 at n. 19 ("Even though

the Copyright Act does not specifically provide for secondary liability, vicarious and contributory copyright infringement are well established principles derived from common law.") *Cox Communications* confirms this. 607 U.S. 583 at 592 ("Although our precedents have recognized specific forms of secondary copyright liability that predated the Copyright Act, we are loath to expand such liability beyond those precedents.") The Supreme Court did not accept the "new form of contributory liability" created by Fourth Circuit precedent. 607 U.S. 583, 595. It did not eliminate secondary copyright liability because it is not specifically written in the Copyright Act.

Further there is no split between the district courts of this circuit, nor between the circuits. The Defendants did not cite, and the undersigned cannot find, any case saying that vicarious liability does not exist in copyright actions. The Defendants appear to be the only ones who disagree with that fact. Their disagreement does not create a substantial ground for difference. *Couch v. Telescope*, 611 F.3d 629, 1339 (N.D. Ga. 2015) (quoting *Couch v. Telescope,* 611 F.3d 629, 633 (9th Cir. ("a 'party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference.'")

### C. A Finding That Vicarious Liability Does Not Exist Will Not Reduce the Issues on Remand

If the Eleventh Circuit decided that vicarious liability no longer existed, there is no dispute that Mr. Isaza and his use of pirated software would remain in this case. Kitchenery, Inc. and Mr. Bhuva and their connection to the infringement would remain in the case under other theories as well.

#### 1. The Complaint Alleges Contributory Infringement by Kitchenery and Mr. Bhuva.

Contributory copyright infringement occurs where there is "intentional inducement, causation, or material contribution to another's infringing conduct." *BUC*, 489 F.3d at 1138 n. 19. The complaint alleges that Kitchenery and Mr. Bhuva caused the infringement. Doc. 1 ¶¶ 105, 135. It further alleges that Mr. Bhuva knowingly materially contributed to the infringement by providing the Computers and workspace to Mr. Isaza. Doc. 1 ¶¶ 88-91. This would still need to be litigated on remand.

#### 2. The Complaint Alleges the Direct Liability of Mr. Bhuva.

Aside from vicarious liability, corporate officers may be liable for copyright infringement if they participate in it. *Southern Bell Tel. & Tel. Co. v. Associated Tel. Directory Publrs.*, 756 F.2d 801, 811 (11th Cir. 1985) ("An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or *who personally participates in the activity* is

personally liable for the infringement."). The complaint alleges that Mr. Bhuva determined the policies which resulted in the infringement, that he controlled the infringement, and that he could have stopped the infringement but did not. Doc. 1 ¶¶ 85-86. Mr. Bhuva may be liable for his participation with Mr. Isaza in the infringement.

**3. The Complaint Alleges Respondeat Superior Liability by Kitchenery and Mr. Bhuva.**

The Defendants do not seek a finding that parties cannot be liable for the acts of their servants. Vicarious liability is an outgrowth of this respondeat superior principle. *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001). The older formulation still stands. *Glob. Weather Productions, LLC v. McLaughlin Media Mgmt, LLC*, 2026 U.S. Dist. LEXIS 215475 at * 16 (S.D. N.Y. Sept. 22, 2026) (quoting *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2nd Cir. 1963) ("[T]he normal agency rule of respondeat superior applies to copyright infringement by a servant within the scope of his employment.") The Complaint alleges that Mr. Isaza and others under the control of Kitchenery and/or Bhuva did the infringement. Doc. 1 ¶ 107. Even if the 11th Circuit unilaterally rolled back the clock on this precedent, the Complaint still alleges liability under the older respondeat superior principle.

## III. CONCLUSION

The Defendants' motion for order and certification pursuant to 28 U.S.C. 1292(b) should be denied.

Dated: October 28, 2026

Respectfully Submitted By:

By: /s/Jeremiah J. Foley
HARNESS, DICKEY & PIERCE, P.L.C.
Glenn E. Forbis
Jeremiah J. Foley
HARNESS, DICKEY & PIERCE, P.L.C.
100 Bloomfield Hills Parkway, Suite 200
Bloomfield Hills, MI 48304
(248) 641-1600
(248) 641-0270 Fax
gforbis@harnessip.com
jfoley@harnessip.com

*Of Counsel for Plaintiff*

Erik Johanson, Esq.
Florida Bar No. 106417
Erik Johanson PLLC
3414 W. Bay to Bay Blvd
Suite 300
Tampa, FL 33629
Tel: (813) 210-9442
erik@johanson.law
ecf@johanson.law

*Local Counsel for Plaintiff*
/

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will be served by operation of the Court's electronic filing system upon all counsel of record and ECF participants.

Griffin C. Klema, Esq.
FL Bar No. 100279
Griffin@Klemalaw.com
Klema Law, PL
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Blvd.
Tampa, FL 33606
P: (202) 713-5292

*Counsel for Defendants*

/s/Jeremiah J. Foley

80576507