**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DASSAULT SYSTÈMES SOLIDWORKS CORP.,

Plaintiff,

v.

KITCHENERY, INC., AKSHAY BHUVA, and LUIS ISAZA,

Defendants.

Case No. 8:26-cv-00705-WFJ-AAS

District Judge William F. Jung
Magistrate Judge Amanda Arnold Sansone

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Dassault Systèmes SolidWorks Corp. hereby submits its opposition to Defendants Kitchenery, Inc. ("Kitchenery"), Akshay Bhuva ("Bhuva") and Luis Isaza's ("Isaza") (Kitchenery, Bhuva and Isaza are collectively referred to as "Defendants") motion for judgment on the pleadings. Doc. 31.

## I. INTRODUCTION

Mr. Isaza, a Colombian immigrant who was hired by Kitchenery two months after receiving his Master's degree, is not the only party on the hook. The bulk of the Defendants' motion is premised on the idea that neither a company nor its CEO would be liable for giving a computer loaded with pirated software

to a young employee and directing him to use it. If that were true, the employee would then be stuck with huge liabilities and be unable to argue that the liability is joint and several with his boss or his employer. Companies like Kitchenery and people like Mr. Bhuva would then be free to just hire another employee to do their dirty work and never face any repercussions.

Thankfully, the law does not work like that. Copyright law, like patent law and virtually all other forms of law, recognizes secondary liability in these situations. Defendants argue that because secondary liability is not explicitly in the Copyright Act, it does not exist. The Supreme Court and the Eleventh Circuit have repeatedly rejected this idea. *Cox Communications*, which Defendants rely on for their argument that no secondary liability exists, recognized both vicarious and contributory liability in copyright actions. The complaint pleads direct, vicarious, and contributory liability by the Defendants.

The other arguments in this motion fail similarly. The Complaint states a claim under the DMCA. The Defendants are alleged to have circumvented the licensing mechanism each time they used the pirated software as well as when they ran the crack. Defendants go outside the pleadings and try to argue, without evidence, that someone else cracked the software on one of the two computers. This would not absolve them of liability under the DMCA even if it were true.

Further, the Complaint pleads an enforceable click-wrap agreement, which comes with a degree of presumption of validity. The Defendants accepted the agreement in order to install the software. This is more than sufficient consideration. Defendants further claim that the contract is preempted by Copyright law. The case they cite says private contract claims are not preempted. They involve an extra element, showing an enforceable agreement.

Finally, Defendants claim that it is virtually impossible to understand the claims against them in calling the Complaint a shotgun pleading. This is despite not filing a Rule 12(e) motion, and instead responding with two answers and thoroughly addressing the merits of the Complaint in this motion. The Complaint satisfies Rule 8 and Rule 10, the defendants are aware that all three of them are being accused of the conduct alleged in the Complaint  and parceling out the claims more will not help them understand it any better. This motion itself shows a clear understanding of the claims being brought against them.

## II. ARGUMENT

### A. Legal Principles

This motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sayers v. Hund, L.P.*, Case No. 8:24-cv-02951-JLB-GDP, 2026 U.S. Dist. LEXIS 193075 at *3 (M.D. Fla. Aug. 27, 2026) (quoting *Hawthorne v. Mac*

*Adjustment,* 140 F.3d 1367, 1370 (11th Cir. 1998)). The scope of the review "must be limited to the four corners of the complaint." *Boyd v. Peet*, 249 F. App'x 155, 157 (11th Cir. 2007). This motion "is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). The Court "must accept as true all facts alleged in the non-moving parties pleading and view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2018).

## B. **The Supreme Court and the Eleventh Circuit Have Recognized Secondary Liability Under the Copyright Act**

The Supreme Court has "recognized two categories of secondary copyright liability… Those two categories are 'contributory' liability and 'vicarious' liability." *Cox Commc'ns, Inc. v. Sony Music Ent.*, 607 U.S. 583, 597 (2026) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). While "the Copyright Act does not expressly provide for secondary liability", the Supreme Court "has recognized that there are two types of secondary liability under the Copyright Act: vicarious and contributory liability." *Cox,* 607 U.S. at 597 (2026) (Sotomayor, J. concurring) (citing *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 434 (1984)). "The absence of such express language in the copyright statute does not preclude the imposition of liability for copyright

infringement on certain parties who have not themselves engaged in the infringing activity." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 435 (1984).

Likewise, the Eleventh Circuit has held "[e]ven though the Copyright Act does not specifically provide for secondary liability, vicarious and contributory copyright infringement are well established principles derived from common law." *BUC Int'l Yacht Council, Ltd.*, 489 F.3d 1129, 1138 at n. 19 (11th Cir. 2007). It is long settled law that secondary liability exists under the Copyright Act regardless of whether it is specifically in the statute.

### C. <u>The Complaint States a Claim for Copyright Infringement and Circumvention by the Defendants</u>

#### 1. The Copyright Principles of Secondary Liability Apply Equally to Violations of the DMCA

The Eleventh Circuit has yet to address this, but other circuit courts and other district courts in this circuit have found that the same principles of secondary liability apply under the Copyright Act and the DMCA. *Dassault Systemes SolidWorks Corp. v. Linear Eng'g & Mfg. Corp.*, Case No. 8:23-cv-1444-KKM-AEP, 2024 U.S. Dist. LEXIS 91111 at *12 (M.D. Fla. May 21, 2024).

#### 2. This Court Need Only Consider Whether the Complaint States a Valid Claim Against the Defendants Under Any Theory of Liability

If any theory of copyright liability is adequately pleaded the claim stands. "[T]he Eleventh Circuit recognizes that there are no strict distinctions between

the various theories of liability [under the Copyright Act]." *Graux v. Universal Music Grp., Inc.*, Case No. 24-cv-25083, 2025 U.S. Dist. LEXIS 108468 at *11 (S.D. Fla. June 6, 2025) (quoting *Software Brokers of Am., Inc. v. Doticom Corp.*, 484 F. Supp. 3d 1205, 1214 at n. 3 (S.D. Fla. 2020)). "Thus, on [a] Motion to Dismiss, the Court must consider whether the [Amended] Complaint states a valid claim against Defendant… under any theory of copyright liability." *Id.*

**3. The Complaint States a Claim for Vicarious Liability by Bhuva and Kitchenery**

The Defendants provide no argument that the Complaint does not state a claim for vicarious liability. Instead, they incorrectly maintain that there is no cognizable theory of vicarious infringement under the Copyright Act.

**a. The Supreme Court Has Repeatedly Held That the Copyright Act Permits Vicarious Liability**

*Cox* itself acknowledges vicarious liability under Copyright law. "This Court recognizes two categories of secondary copyright liability…. Those two categories are 'contributory' liability and 'vicarious' liability." *Cox*, 607 U.S. at 588 (citing *MGM*, 545 U.S. 913, 930 (2005)). "The Copyright Act does not expressly render anyone liable for infringement committed by another… The absence of such express language in the copyright statute does not preclude the imposition of liability for copyright infringements on certain parties who have not themselves

engaged in the infringing activity. **For vicarious liability is imposed in virtually all areas of the law**[.]" *Sony*, 464 U.S. at 435 (emphasis added).

**b. Patent Law, Which Has a "Historic Kinship" with Copyright, Also Allows Vicarious Liability**

The Defendants are correct that one can look towards patent law due to the "historic kinship." *Cox*, 607 U.S. at 588. Courts in patent cases do in fact read in liability through the common law, including vicarious liability. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022-1023 ("To determine if a single entity directs or controls the acts of another, we continue to consider general principles of vicarious liability.")

**4. The Complaint Pleads Contributory Infringement and Circumvention by Bhuva and Kitchenery**

"The Eleventh Circuit 'has stated the well-settled test for a contributory infringer as one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'" *AML Software, Inc. v. Athena Bitcoin, Inc.*, Case No. 25-cv-24378-RAR, 2026 U.S. Dist. LEXIS 191550 at *29 (S.D. Fla. Aug. 25, 2026) (citing *Cable/Home Commc'n Corp. v. Network Prods. Inc.*, 902 F.2d 829, 845 (11th Cir. 1990)).

*Cox Communications* does not change this. The Defendants elide the Supreme Court's ruling which applies only to service providers. *Cox*, 607 U.S. at 588 (2026) ("The provider of a service is contributorily liable for a user's

infringement if it intended its service to be used for infringement. To establish that a provider intended its service to be used for infringement, a copyright owner must show one of two things.") No defendant in this case is a service provider. *See Id.* ("In 1998, Congress passed the [DMCA], which gave service providers a safe-harbor defense."); 17 U.S.C. § 512(k)(1) (defining a "service provider" as "an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received" and "a provider of online services or network access, or the operator of facilities therefor.")

The Complaint pleads that Bhuva and Kitchenery induced, caused and materially contributed to the infringement. They are alleged, among other things, to have provided the Computers with the pirated software. It pleads that "Kitchenery and/or Bhuva knew about the above-described infringement of DS SolidWorks' copyrights." Doc. 1, PageID 19, ¶ 110. If further alleges that "Kitchenery and/or Bhuva materially contributed to the above-described infringement of DS SolidWorks' copyrights." *Id.* at ¶ 110. These claims are supported by the allegations that Bhuva is the Director and CEO of Kitchenery. *Id.* at ¶ 85. "Bhuva owned and/or provided the Computers upon which Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery

infringed DS SolidWorks' copyrights and circumvented its technological measures." *Id.* at ¶ 88. Further, Bhuva induced and caused the infringement by determining the policies which led to it. "Bhuva determined the policies which resulted in the infringement and circumvention by Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery." *Id.* at ¶ 85.

### 5. The Complaint States a Claim Under the DMCA

To state a claim under section 1201(a)(1)(a), "plaintiff must allege that defendant (1) circumvented (2) a technological measure that effectively controls access to a protected work." *Project Travel, LLC v. Terra Dotta, LLC,* Case No. 8:25-cv-02967-WFJ-AAS, 2026 U.S. Dist. LEXIS 71693 at *19 (M.D. Fla. Apr. 1, 2026). The Complaint alleges a technological measure that effectively control access to SOLIDWORKS. Doc. 1, PageID 20, ¶ 115. The Complaint alleges that they ran the crack. Doc. 1, PageID 14 ¶ 79. The Complaint futher alleges a circumvention each time an unauthorized use occurred. Doc. 1, PageID 21, ¶ 119. The Complaint alleges 271 uses by the defendants. Doc. 1, PageID 4, ¶ 15. Only one act of circumvention is needed to find a violation of the DMCA. *Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1072 (S.D. Cal. 2019) ("Synopsys' 'call-home data' indicates that individuals associated with AzurEngine have circumvented its license-control system at least 15,000 times, which is 14,999 more times than would be necessary to find a violation of the DMCA.")

Defendants impermissibly go beyond the four corners of the complaint to try to get this claim dismissed. *Boyd v. Peet*, 249 F.App'x at 157 (11th Cir. 2007). The Defendants state that one of the computers already came with operational software on it without evidence. The Complaint states that Kitchenery purchased a computer loaded with pirated software. Doc. 1, PageID 10, ¶ 57. It is plausible that Computer 2 came with the software and one of the Defendants installed and cracked it.

Defendants do not mention Computer 1. The SOLIDWORKS software on this computer was upgraded twice while it was being used by Kitchenery. The upgrades would require a new installation, acceptance of the license agreement, and a running of the crack. The evidence further shows that Mr. Isaza downloaded the crack and the software from BitTorrent. This information is not in the Complaint but will be added in if this Court grants judgment on the pleadings and leave to amend the Complaint.

Even if true, Defendants claim that someone else cracked it is unavailing. "[T]he text of 17 U.S.C. 1201(a)(1)(A) does not require that the party circumventing the technological measure effectuated the means of circumvention itself, only that the party circumvented the measure[.]" *Cadence Design Sys. V. Intelligent Automation (Zhuhai) Co.*, Case No. 24-cv-07031-PCP, 2026 U.S. Dist. LEXIS 144121 at *16 (N.D. Cal. June 29, 2026). Defendant's reliance on *MGE* is

also unavailing. In that case "some other party disabled the code requiring a dongle." *MGE UPS Sys. V. GE Consumer & Indus. Inc.*, 622 F.3d 361, 365 (5th Cir. 2010). The Complaint does not allege that the licensing mechanism was disabled. It was not, Computer 2 was using a serial number commonly used by software pirates to avoid and bypass the licensing mechanism. Doc. 1 PageID 9 ¶ 54. It was circumvented each time the software was used. Doc. 1, PageID 21 ¶ 119. *321 Studios v. MGM Studios* does not even deal with the statute at issue. 307 F. Supp. 2d. 1085 (N.D. Cal. 2004) (discussing §§ 1201(a)(2) and 1201(b)(1), not § 1201(a)(1)(A)).

### 6. The Complaint Pleads Direct Infringement by Bhuva and Kitchenery

Direct infringement is not limited to the human being making the copy, it also applies to anyone who authorizes it. "[A]n infringer is not merely one who uses a work without authorization by the copyright owner, but also one who authorizes the use of a copyrighted work without actual authority from the copyright owner." *Sony*, 464 U.S. at 434 n. 17. "Corporate officers have been held personally liable for the infringing activities of the corporation… the entrepreneur who sponsors a copyrighted public performance for profit is also an infringer- direct or contributory." *Broad. Music, Inc. v. 54 West Music, Inc.*, Case No: 6:12-cv-97-Orl-36KRS, 2013 U.S. Dist. LEXIS 195498 at *6 (M.D. Fla. June 4, 2013) (citing *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 157 (1975);

*Dream Custom Homes, Inc. v. Modern Day Const., Inc.*, 773 F. Supp. 2d 1288, 1301 (M.D. Fla 2011)).

Further, the Eleventh Circuit has found that anyone who participates in the infringement may be liable. "[C]opyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable." *BUC v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 (11th Cir. 2008). "An individual, including a corporate officer, who has the ability to supervise the infringing activity and has a financial interest in that activity, or who personally participates in that activity, is personally liable for the infringement." *Southern Bell*, 756 F.2d at 811. "To state a claim against an individual for copyright infringement by a corporation, a complaint must allege that the individual had: '1) dominant influence in the corporation; 2) the capacity to control the acts of the corporation; 3) the ability to supervise the infringing activity; and 4) either a financial interest in that infringing activity, or have personally participated in the activity.'" *Advanta-STAR Auto. Research Corp. of Am. v. Semoran Auto Acquisitions, Inc.*, Case No. 6:17-cv-1675, 2018 U.S. Dist. LEXIS 67761 at *7 (M.D. Fla. Apr. 23, 2018) (quoting *Lajos v. DuPont Publ'g*, 888 F. Supp. 143, 147 (M.D. Fla. 1995)).

The Complaint pleads sufficient facts showing direct liability by Mr. Bhuva and Kitchenery. The Complaint pleads that Isaza, employees of Kitchenery and/or persons under the control of Kitchenery and/or Bhuva

infringed the copyrights and circumvented the technological measures. Doc. 1 PageID 19 ¶¶ 107, 117. It pleads that Mr. Bhuva is the CEO and Founder of Kitchenery. PageID 16 ¶ 92. This alone is enough to plead that Mr. Bhuva is liable. *Lajos*, 888 F. Supp. at 147 ("[I]t is possible that DuPont, as President of duPont Publishing, Inc., meets the requirements delineated in *Quartet Music* to be held personally liable for the alleged actions of duPont Publishing, Inc."). It pleads that Mr. Bhuva is the dominant influence at Kitchenery. PageID 15 ¶ 84. It pleads that Mr. Bhuva determined the policies that led to the infringement. PageID 15 ¶ 85. The Complaint alleges that the Defendants, including Mr. Bhuva, continued to use the pirated software for almost a year after Mr. Bhuva was notified of it. PageID 16 - PageID 17 ¶¶ 95, 99.

#### 7. Kitchenery Is Liable Due to the Pleaded Acts of Mr. Isaza and Mr. Bhuva

Kitchenery can only act through its officers, employees, and agents and is liable for these tortious acts. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009). "[A]n action falls within the scope of employment if the conduct: (1) is of the kind the employee was employed to perform; (2) occurred within the time and space limits of the employee's employment; and (3) was activated at least in part by a purpose to serve the employment." *Id.* (citing *Spencer v. Assurance Co. of Am.*, 39 F.3d 1146, 1150 (11th Cir. 1994)).

The Complaint plausibly alleges that Mr. Bhuva and Mr. Isaza are agents of Kitchenery acting under the scope of their duties. It pleads that Mr. Isaza is the Senior Mechanical Engineer. Doc. 1 PageID 11 ¶ 62. It pleads that Mr. Isaza uses SolidWorks to perform his job functions. Doc. 1 PageID 11 ¶ 64. It pleads that the pirated software use occurred during the time period of his employment. Mr. Isaza was hired in February 2024. Doc. 1 PageID 11 ¶ 62. The pirated software use occurred until July 2025. Doc. 1 PageID 17 ¶ 99. It pleads that some of the pirated software use occurred at Kitchenery's facility. Doc. 1 PageID 6 ¶¶ 23, 24. If further pleads that Mr. Bhuva is the CEO and Director of Kitchenery. Doc. 1 PageID 15 ¶ 85. It pleads that he determined the policies which resulted in the infringement by Isaza, employees of Kitchenery, and/or persons under the control of Kitchenery. Doc. 1 PageID 15 ¶ 85.

### D. <u>The Complaint States a Claim for Breach of Contract</u>

#### 1. The Complaint Pleads Consideration

The Defendants are incorrect that "merely clicking on something does not a contract make." Clickwrap agreements like the one alleged "are regularly enforced." *Good v. Uber Technologies, Inc.*, 494 Mass. 116, 143 (2024) (quoting *Kauders v. Uber Technologies, Inc.*, 486 Mass. 557, 574 (2021)). "[C]lickwrap agreements … carry a degree of presumption of validity." *Id.* (quoting *Gawker v. Citizens Disability, LLC,* 654 F. Supp. 3d 66, 76 (D. Mass. 2023)).

The Defendants are also incorrect that there was no consideration. The installation of the software requires the user to accept the terms and conditions of the SOLIDWORKS license agreement. Doc. 1 PageID 22, ¶ 131. The Defendants received the benefit of that bargain, the installation of the software. *Zhuhai,* 2026 U.S. Dist. LEXIS 144121 at *16 ("Nor can the defendants successfully argue that they did not provide consideration for Cadence's click-through SLMA. Cadence alleges that CYGIA or any other user of Cadence software could use Cadence's software only if they agreed to be bound by the software license. CYGIA allegedly received the benefit of the license's bargain – use of the software—without complying with the terms of the contract. CYGIA's argument would suggest that a party could agree to pay someone else consideration for a specific service, avail themselves of that service, then refuse to pay and argue that there was no valid contract because there was no payment of consideration.")

Further, many promises were exchanged. The Defendants agreed that they would not "load or use [SOLIDWORKS] in any computer or copy it without the right to do so from [DS SolidWorks]." Doc. 1 PageID 23, ¶ 131. They also agreed to not "take any steps to avoid or defeat the purpose of any such measure." Doc. 1 PageID 23, ¶ 131. Plaintiff agreed to, *inter alia*, a limited warranty (Doc. 1-5, PageID 89), and to indemnify the Defendants against third party intellectual property claims (Doc. 1-5 PageID 91). This well exceeds the peppercorn of

consideration required. *Cadence Design Sys. V. Yunjing Intelligent Innovation Shenzhen Co.*, Case No. 25-cv-00317-AMO, 2026 U.S. Dist. LEXIS 55917 at *25 (N.D. Cal. March 17, 2026) ("[I]t is a fundamental principle of contract law that consideration does not have to be money") (finding consideration in click-through agreement accepted by alleged software pirates); *Barry v. Goodrich*, 98 Mass. 335, 338 (1867) ("But by agreement of the parties a thing of very little or even nominal value may be a legal consideration for a contract. Even a peppercorn may be sufficient.")

**2. Private Contracts, Like the One Alleged Here, Are Not Preempted by the Copyright Act**

The Eleventh Circuit applies an "extra element" test to determine if a claim is preempted. "[W]e employ an 'extra element' test such that 'if an extra element is required instead of or in addition to the acts of reproduction… in order to constitute a state-created case [sic] of action, then the right does not lie within the general scope of copyright and there is no preemption.'" *Utopia Provider Sys. V. Pro-Med Clinical Sys., LLC*, 596 F.3d 1313, 1326 (11th Cir. 2010) (quoting *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1311-1312 (11th Cir. 2001), in turn quoting *Foley v. Luster,* 249 F.3d 1281, 1285 (11th Cir. 2001)).

The Eleventh Circuit has repeatedly held that two-party contracts like the one pleaded here are not preempted as they have an extra element. *Utopia*, 596

F.3d at 1327 ("Applying *Lipscher*, we find generally that Utopia's breach of contract claims are not preempted. To succeed on its breach of contract claims, Utopia must prove a valid license agreement, which constitutes an 'extra element' under *Lipscher*. The rights Utopia asserts, therefore, are not 'equivalent to' exclusive rights under section 106, as required for preemption under the second prong of the *Wainwright* preemption test."); *Lipscher*, 266 F.3d at 1319 ("As the Seventh Circuit has stated, claims involving two-party contracts are not preeempted because contracts do not create exclusive rights, but rather affect only their parties… We find the Seventh Circuit's reasoning persuasive. As the *ProCD* opinion recognizes, courts generally read preemption clauses to leave private contracts unaffected.")

*Crow v. Wainwright*, finding a criminal statute preempted, is inapposite. In that case there was no contract. 720 F.2d 1224, 1226 (11th Cir. 1983) ("CBS, the copyright holder, cannot maintain an action against Crow under state contract law because Crow was not a party to the contract[.]") *Id.* at 1226.

### E. The Complaint Is Not a Shotgun Pleading

#### 1. The Complaint Alleges All Defendants Are Responsible for the Accused Conduct, It Does Not Violate Shotgun Pleading Rules

Referring to the defendants collectively "'does not render the complaint deficient' so long as 'the complaint can be fairly read to aver that all defendants

are responsible for the alleged conduct.'" *Bubble Down, LLC v. Real Cap. Partners, GP, LLC*, Case No. 8:25-cv-315-KKM-CPT, 2025 U.S. Dist. LEXIS 300 at *5 (M.D. Fla. Jan. 5, 2026) (quoting *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000)). "This practice only runs afoul of the applicable pleading standard where it results in a complaint that fails to give each defendant notice of the claims against it." *Sprint Solutions, Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014).

As in *Bubble Down*, this Complaint is limited to specific infringement by one business and two of its operators. It can, and should be, read to aver that all three defendants are responsible for the alleged conduct. It does not fail as a shotgun pleading. *Bubble Down*, 2026 U.S. Dist. LEXIS 300 at *6 ("Because the complaint can be fairly read to aver that all three defendants are responsible for the alleged conduct, the complaint does not fail as a shotgun pleading.")

The defendants' motion illustrates that they are on notice of what they are being sued for as required by Rule 8. They correctly state "the penultimate paragraphs of each count recite all three defendants having engaged in all the alleged misbehavior." Doc. 31, PageID 475. That is what is being alleged.

**2. More Precisely Parceling Out and Identifying Facts Relevant to Each Claim Would Not Reduce The Burden Of Understanding the Factual Allegations**

Adopting all preceding counts does not make a complaint a shotgun

pleading. "It is true that Wright's Complaint contains 'multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.'… Perhaps he should not have done that. But 'this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count.'" *Wright v. Watson*, Case No. 4:15-cv-34, 2015 U.S. Dist. LEXIS 106786 at *9 (M.D. Ga. Aug. 13, 2015) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015)); *Childress v. Moore*, Case No: 6:25-cv-868-JSS-RMN, 2026 U.S. Dist. LEXIS 124369 at *27 (M.D. Fla. June 5, 2026) ("Finally, Defendants argue that Plaintiff's complaint is an impermissible shotgun pleading because 'Plaintiff incorporates by reference all preceding paragraphs of every count and each count 'as if set forth herein' in each of her claims. Although technically true, a shotgun pleading poses a problem only if 'a defendant who reads the complaint would be hard-pressed to understand the grounds on which each claim .. rests'… Here, the court concludes that the complaint is not so scattershot that Defendants cannot understand the grounds on which each claim rests.'") (citing *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) and *Weiland*, 792 F.3d at 1323).

If the Defendants found the complaint virtually impossible to respond to,

they would have filed a Rule 12(e) motion. Instead they filed two answers and this present motion illustrating that they thoroughly understand the claims against them. *Weiland*, 792 F.3d at 1324 ("This may explain why the defendants did not move for a more definite statement under Federal Rule of Civil Procedure 12(e) or otherwise assert that they were having difficulty knowing what they were alleged to have done and why they were liable for doing it.")

Further, this Court denied the Defendants' motion to strike based on this same issue without the Plaintiff's response. Doc. 26. It appears that the Court understands the claims as well. *Id.* ("And it may also explain why the district court could and did understand the claims that were stated in these two counts.")

## III. CONCLUSION

The Defendants' Motion for Judgment on the Pleadings should be denied.

Dated: November 4, 2026

Respectfully Submitted By:

/s/Jeremiah J. Foley
HARNESS, DICKEY & PIERCE, P.L.C.
Glenn E. Forbis
Jeremiah J. Foley
HARNESS, DICKEY & PIERCE, P.L.C.
100 Bloomfield Hills Parkway, Suite 200
Bloomfield Hills, MI 48304
(248) 641-1600
(248) 641-0270 Fax
gforbis@harnessip.com
jfoley@harnessip.com

*Counsel for Plaintiff*

Erik Johanson, Esq.
Florida Bar No. 106417
Erik Johanson PLLC
3414 W. Bay to Bay Blvd
Suite 300
Tampa, FL 33629
Tel: (813) 210-9442
erik@johanson.law
ecf@johanson.law

*Local Counsel for Plaintiff*
/

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will be served by operation of the Court's electronic filing system upon all counsel of record and ECF participants.

Griffin C. Klema, Esq.
FL Bar No. 100279
Griffin@Klemalaw.com
Klema Law, PL
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Blvd.
Tampa, FL 33606
P: (202) 713-5292

*Counsel for Defendants*

/s/Jeremiah J. Foley