**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| DASSAULT SYSTÈMES SOLIDWORKS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>KITCHENERY, INC., AKSHAY BHUVA, and LUIS ISAZA,<br><br>Defendants. | Case No. 8:26-cv-00705-WFJ-AAS<br><br>District Judge William F. Jung<br>Magistrate Judge Amanda Arnold Sansone |

**PLAINTIFF'S CONDITIONAL MOTION TO AMEND THE SCHEDULING ORDER AND TO AMEND THE COMPLAINT**

Plaintiff Dassault Systemes SolidWorks Corp. ("Plaintiff" or "Dassault") hereby conditionally moves the Court to amend the scheduling order under Federal Rule of Civil Procedure 16(b)(4) and to allow an amended Complaint under Federal Rule of Civil Procedure 15 if and only if Defendants Kitchenery Inc. ("Kitchenery"), Akshay Bhuva ("Bhuva") and Luis Isaza's ("Isaza") motion for judgment on the pleadings (Doc. 31) is granted to any extent. If the motion for judgment on the pleadings (Doc. 31) is denied, then Dassault requests that this Court deny this conditional motion as moot. Dassault's proposed amended complaint is attached as Exhibit 1, hereto.

## I. INTRODUCTION

Dassault firmly believes that the Defendants' motion for judgment on the pleadings should be denied for the reasons given in its response. However, if the Court grants the motion to any extent, Dassault should be given an opportunity to replead the claims. Such a ruling on the motion would give the Court good cause to amend the scheduling order to allow an amended complaint to be filed.

If this Court finds that secondary liability does not exist in Copyright Law, it appears that it would the first court to ever do so. If this Court so finds, and finds that direct liability against Kitchenery and Bhuva is not sufficiently plead, Dassault should be given the opportunity to add allegations speaking to direct liability by those parties. *See* Exhibit 1, pp. 17-19.

Further, the Defendants' motion states that the DMCA claim is not sufficiently plead because it does not allege volitional conduct by the Defendants supporting the claim. Dassault alleged that the Defendants used the SolidSquad crack and circumvented the licensing mechanism each time it was used. If the court finds that is not enough, Dassault should be given the opportunity to plead the two times it can allege Mr. Isaza ran the crack. *See* Exhibit 1,  pp. 8-10.

Finally if the Court finds the Complaint to be a shotgun pleading, it must allow an amendment. The complaint was answered twice, no Rule 12(e) motion was made, and the Court denied a motion to strike the Complaint on shotgun

pleading grounds. Dassault has a good faith belief that the Complaint is not a shotgun pleading, but if the Court finds that it is one Dassault should be given the opportunity to fix it. *See* Exhibit 1, p. 21 ¶ 123; p. 24 ¶ 137; p. 26 ¶ 148.

## II. ARGUMENT

### A. Legal Principles

#### 1. Amending the Scheduling Order

A motion to amend the scheduling order after the deadline has passed, as in this case, "will only be granted upon a showing of good cause under Rule 16(b)(4)." *Connectus LLC v. Ampush Media, Inc.*, Case No. 8:15-cv-2778-T-33JSS, 2017 U.S. Dist. LEXIS 8081 at *28 (M.D. Fla. Jan. 20, 2017) (quoting *Hess v. Coca-Cola Refreshments USA, Inc.*, Case No. 8:13-cv-3136-T33EAJ, 2014 U.S. Dist. LEXIS 137359 at *2 (M.D. Fla. Sept. 29, 2014)) . "In order to show good cause, a party must establish that, despite its diligence, the deadline could not be met." *Id.*

#### 2. Amending The Complaint

The standard for allowing an amended complaint is a liberal one embodying the strong public policy favoring amendments. *Crawford v. Civ. Air Patrol, Inc.*, Case No. 3:25-cv-737-WWB-SJH, 2026 U.S. Dist. LEXIS 188571 at *2 (M.D. Fla. Aug. 21, 2026) (citing *Novo Nordisk, Inc. v. Live Well Drugstore, LLC*, No. 3:23-cv-808-TJC-PDB, 2024 U.S. Dist. LEXIS 119773 at *1 (M.D. Fla. July 9, 2024). This motion should be granted unless there is "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies…, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Connectus*, 2017 U.S. Dist. LEXIS at *11.

On non-merits shotgun pleading grounds, even without a request to leave to amend a district court must give a chance to replead. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

**B. If The Court Grants the Motion for Judgment on the Pleadings, Good Cause Will Exist**

The ruling on the plaintiff's judgment on the pleadings will necessarily come out months after the deadline to amend the pleadings passed. This creates good cause for amending the scheduling order. *Connectus,* 2017 U.S. Dist. LEXIS 8081 at *28 ("[T]he Court's ruling constitutes good cause because it was issued after the deadline for amending pleadings was passed.")

**1. If The Court Finds a Violation of Rules 8 or 10, Good Cause Would Exist to Amend The Scheduling Order**

The Court's response to the Defendants' motion to strike the complaint gives Dassault a good faith belief that the Complaint complies with the pleading rules. The Court denied the Defendants' motion to strike four days after it was filed. Doc. 24; Doc. 26. The Court could *sua sponte* dismiss the Complaint if it considered it a shotgun pleading. It has not despite the issue being raised to it.

The Defendants' filings further give Dassault a good faith belief that the Complaint complies with the pleading rules. The Defendants never made a motion under rule 12(e), the proper response to an alleged shotgun pleading. "Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as Anderson's is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996). Instead the Defendants' filings indicate that the Complaint complies with Rules 8 and 10. They answered the complaint twice. Doc. 17; Doc. 28; Doc. 29; Doc. 24.

Dassault has a good faith belief that the Complaint complies with Rules 8 and 10. If the Court finds otherwise it should modify the scheduling order to allow an amended complaint fixing any issues it identifies. *Connectus*, 2017 U.S. Dist. LEXIS 8081 at *27.

**2. If The Court Finds Claims Dismissible On The Merits, There Would Be Good Cause to Amend the Scheduling Order**

For the reasons given in Dassault's response to the Defendants' motion for judgment on the pleadings (Doc. 36), Dassault has a good faith belief that the Complaint plausibly alleges its causes of action. If the Court finds otherwise it should allow Dassault to fix any deficiencies.

**a. If the Court Finds that the Claims Against Mr. Bhuva and/or Kitchenery Should Be Dismissed, Dassault Should Be Given an Opportunity To Better Plead Direct Liability**

Dassault's Complaint was drafted with the understanding that secondary liability exists, as held by the Supreme Court and the 11th Circuit. *Cox Communications v. Sony Music Ent.*, 607 U.S. 583, 597 (2026) ("The Court has also recognized two categories of secondary copyright liability… Those two categories are 'contributory' liability and 'vicarious' liability."); *BUC Int'l Corp. v. Int'l Yacht Council*, 489 F.3d 1129, 1138 (11th Cir. 2007) ("Even though the Copyright Act does not specifically provide for secondary liability, vicarious and contributory copyright infringement are well established principles derived from common law.") Indeed, it appears that no court has ever found that secondary liability does not exist.

Due to these court rulings, Dassault has a good faith belief that secondary liability exists in Copyright law. If the Court finds it does not and that direct infringement is not plausibly plead against Mr. Bhuva or Kitchenery, Dassault should have the opportunity to amend its pleadings.

**b. If The Court Dismisses the DMCA Claim, Dassault Should Be Allowed To Amend The Complaint**

Dassault believes that the Complaint properly pleads a DMCA anti-circumvention claim. If the Court finds otherwise good cause would exist to amend the scheduling order.

The Defendants claimed in their motion that "Dassault does not and cannot plausibly allege any defendant engaged in any volitional act respecting the alleged cracked software." Doc. 31 PageID 470.

This is not true. The Complaint pleads that the Defendants ran the crack and circumvented the licensing mechanism each time they used the software. Doc. 1, PageID ¶¶ 141, 142. Further, Dassault's monitoring technology indicates that the software was upgraded twice on Computer 1 while Kitchenery was using it. This would necessitate that the user of Computer 1 runs the crack again for each upgrade. Further Dassault can allege that Mr. Isaza downloaded the crack and the software off BitTorrent. Exhibit 1, p. 8-10. Good cause would exist to allow an amendment to include these allegations if the Court finds the current allegations insufficient.

**c. If The Court Dismisses the Contract Claim, Good Cause Exists to Alter the Scheduling Order**

Dassault believes that it sufficiently plead its breach of contract claim based on the Defendants accepting the license agreement, which is required to

install the software. Doc. 1, PageID 22 ¶¶ 126-127. If the Court finds otherwise good cause would exist to amend the scheduling order to allow Dassault to fix any deficiencies.

While Defendants maintain that they never clicked on or agreed to the License Agreement, Dassault can allege that Mr. Isaza did so at least twice when he upgraded the software. *See* Exhibit 1, p. 8-9, ¶¶ 46-47.

### C. If the Court Amends the Scheduling Order, It Should Allow Dassault to Amend The Complaint

The "default position of Rule 15 is that leave to amend should be freely given, except where, for example, amendment would be futile." *Connectus,* 2017 U.S. Dist. LEXIS 8081 at *28 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants' motion for judgment on the pleadings states that their motion is based on pure legal issues. This is not the case. The motion claims that "Dassault does not and cannot plausibly allege any defendant engaged in any volitional act respecting the alleged crack software because it specifically alleged the subject computer already came with operational software on it." Doc. 31, PageID 470. This is not the case, Dassault can allege in detail that Mr. Isaza ran the SolidSquad crack at least twice. Exhibit 1, ¶¶ 43- 59. If the Court finds that the Complaint does not allege the required activity to state the DMCA claim, it would not be futile to add this information.

Further the motion states that the Complaint does not any claims of direct infringement against Kitchenery or Bhuva. If the Court finds that secondary liability does not exist in Copyright Law and the Complaint does not state direct infringement, it would not be futile for Dassault to add more allegations speaking to the direct infringement by those parties. *See Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 434 n.17 (1984) ("[A]n infringer is not merely one who uses a work without authorization by the copyright owner, but also one who authorizes the use of a copyrighted work without actual authority from the copyright owner."); *BUC v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 (11th Cir. 2008) ("[C]opyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable.")

If the Complaint is dismissed on non-merits shotgun pleadings grounds, it can be fixed via an amendment. The proposed amended complaint changes the counts to not include each of the proceeding paragraphs. Exhibit 1, pp. 21, 24, 26. Dassault is prepared to make any further changes that the Court finds necessary.

## III. CONCLUSION

If the Defendants' Motion for Judgement on the Pleadings (Doc. 31) is granted, the Court should allow an amended complaint to be filed.

**<u>Rule 3.01(g) Certification</u>**

Plaintiff and Defendants conferred on this motion. However the Defendants have yet to be able to fully review the issue and cannot yet say that they agree on the resolution of all or part of the motion. The Plaintiff and the Defendants will continue conferring and supplement this motion per Local Rule 3.01(g)(3).

Dated: November 9, 2026

Respectfully Submitted By:

By: /s/Jeremiah J. Foley
HARNESS, DICKEY & PIERCE, P.L.C.
Glenn E. Forbis
Jeremiah J. Foley
HARNESS, DICKEY & PIERCE, P.L.C.
100 Bloomfield Hills Parkway, Suite 200
Bloomfield Hills, MI 48304
(248) 641-1600
(248) 641-0270 Fax
gforbis@harnessip.com
jfoley@harnessip.com

*Of Counsel for Plaintiff*

Erik Johanson, Esq.
Florida Bar No. 106417
Erik Johanson PLLC
3414 W. Bay to Bay Blvd
Suite 300
Tampa, FL 33629
Tel: (813) 210-9442
erik@johanson.law
ecf@johanson.law

*Local Counsel for Plaintiff*
/

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will be served by operation of the Court's electronic filing system upon all counsel of record and ECF participants.

Griffin C. Klema, Esq.
FL Bar No. 100279
Griffin@Klemalaw.com
Klema Law, PL
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Blvd.
Tampa, FL 33606
P: (202) 713-5292

*Counsel for Defendants*

/s/Jeremiah J. Foley